**Norma Karleen ENGLAND, as Personal Representative of the Estate of William C. England, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 84–181–Civ–Ft.M–17.

United States District Court, M.D. Florida, Fort Myers Division.

April 14, 1986.

Robert Pasin, Miami Beach, Fla., for plaintiff.

Dennis Moore, Tampa, Fla., for defendant.

## DECISION AND ORDER

ROBERT D. MORGAN, District Judge.

This action for wrongful death was brought by plaintiff, Norma Karleen England, as surviving spouse of and as personal representative of the Estate of William C. England. It was tried before the Court without a jury. The action arose out of a collision of motor vehicles operated, respectively, by William C. England and by Terry Vanacker (an employee of the United States Postal Service) on February 13, 1984 in Charlotte County, Florida.

This Court has jurisdiction pursuant to the Federal Tort Claims Act, Title 28, United States Code, sections 1346(b), 2671 *et seq.*

### FINDINGS OF FACT

1. On February 13, 1984, at approximately 12:00 noon, William C. England was driving his 1971 Chevrolet van north on U.S. Highway 41 in Port Charlotte, Florida. As Mr. England proceeded north, Ms. Terry Vanacker, a substitute mail carrier, was driving her privately owned vehicle while delivering mail for the Postal Service. Ms. Vanacker's vehicle was stopped at a stop sign at the intersection of U.S. Highway 41 and Warrington Boulevard. As Mr. England's van entered the intersection, Ms. Vanacker drove onto Highway 41 striking the passenger side of the van near the right rear wheel. The van continued traveling in a northerly direction with the rear end swinging sideways toward the left. The van left the highway and rolled over two and one-half (2½) times. The windshield of the van popped out during the first roll and Mr. England was ejected through the opening left by the windshield during the second roll. Emergency medical personnel arrived on the scene within minutes and Mr. England was transported to Fawcett Memorial Hospital, Port Charlotte, Florida. He was pronounced dead at 5:20 a.m. on February 14, 1984.

2. William C. England was age 63 at the time of his death.

3. At the time of his death, William C. England was married to plaintiff, Norma Karleen England. Norma Karleen England is the duly qualified personal representative of the estate of William C. England.

4. The collision on February 13, 1984, was caused entirely by the negligence of defendant's employee in failing to operate her motor vehicle in a safe and reasonable manner.

5. As a result of the collision on February 13, 1984, William C. England sustained multiple fractures of various bones including his pelvis, lower back and ribs. He further sustained multiple injuries to various internal organs including his kidneys, liver and heart. His death resulted from these multiple traumatic injuries.

6. Many of the multiple injuries suffered by William C. England, and his resulting death, were caused by his being ejected from his vehicle and striking the ground.

7. The vehicle which William C. England was driving at the time of the collision was equipped with operational lap type seat belts.

8. It was William C. England's habit or routine to wear his seat belt while driving on long trips but not while driving on short trips.

9. William C. England was not wearing his seat belt at the time of the collision.

10. Had William C. England been wearing his seat belt at the time of the collision he would not have been ejected from his vehicle and would not have struck the ground.

11. Had William C. England been wearing his seat belt at the time of the collision he would have been secured to his seat at the waist. Had he been so secured, his injuries would have been reduced and William C. England would not have died as a result of the collision.

12. As a result of the defendant's employee's negligence the estate of William C. England suffered damages totaling $7,660.00 and Norma Karleen England, as surviving spouse of William C. England, suffered damages totaling $67,590.00 for those injuries recoverable under Florida Statute section 768.21.

13. Any of the above findings of fact which could more appropriately be designated as conclusions of law are hereby deemed to be additional conclusions of law.

## CONCLUSIONS OF LAW

1. The United States is liable under the provisions of the Federal Tort Claims Act in the same manner as a private individual in like circumstances. Title 28, United States Code, Section 2674; *Market Insurance Company v. United States*, 415 F.2d 459 (5th Cir.1969).

2. This action is governed by the tort law of Florida since the negligent acts or omissions occurred there. *Id.*

3. Actions for wrongful death are governed by the Florida Wrongful Death Act, *Fla.Stat.* sections 768.16 *et seq.* (1982).

4. Florida recognizes a non-use of seat belt defense against a living plaintiff claiming damages for injuries sustained in an automobile accident. *Insurance Company of North America v. Pasakarnis*, 451 So.2d 447 (Fla.1984). The defense is not one of comparative negligence, but rather relies on the theory of failure to mitigate damages. *Id.* at 453–54.

5. As there are no reported Florida decisions dealing with the application of the seat belt defense against a survivor in a wrongful death action and this Court is unable to certify the question to the Florida Supreme Court (See Article V, section 3(b)(4) of the Florida Constitution), this Court simply decides whether the defense is applicable in the case at bar as it believes the Florida Court would decide.

6. Florida Statutes, Section 768.19 provides:

When the death of a person is caused by the wrongful act, negligence, default, or breach of contract or warranty of any person ... and the event would have entitled the person injured to maintain an action and recover damages if death had not ensued, the person ... that would have been liable for damages if death had not ensued shall be liable for damages as specified in this act. ...

7. The language of section 768.19 suggests that defenses that would bar a decedent's recovery if he had survived should also apply to bar recovery from a surviving plaintiff in a wrongful death action. In fact, the Florida Supreme Court, in barring recovery by survivors when the decedent, during his lifetime, had already received a judgment against the defendant, found that, "Since there was no right of action existing at the time of death, under the statute no wrongful death cause of action survived the decedent." *Variety Children's Hospital v. Perkins*, 445 So.2d 1010, 1012 (Fla.1983).

8. Despite the suggestion that defenses against a decedent are generally applicable against survivors, the purpose of the Florida Wrongful Death Act leads this Court to reject application of the seat belt defense in this wrongful death action. As stated by the Florida Supreme Court:

At common law a person's right to sue for personal injuries terminated with his death. This created the anomaly that a tortfeasor who would normally be liable for damages caused by his tortious conduct would not be liable in situations where the damages were so severe as to result in death. This paradox was remedied by creating an independent cause of action for the decedent's survivors. It is thus clear that the paramount purpose of the Florida Wrongful Death Act is to prevent a tortfeasor from evad-

ing liability for his misconduct when such misconduct results in death.

*Variety Children's Hospital,* 445 So.2d at 1012. *See also Fla.Stat.* § 768.17 (1983) (Florida's Wrongful Death Act is remedial and should be liberally construed).

9. The seat belt defense, as formulated in *Pasakarnis, supra,* is clearly and simply a mitigation of damages defense. To allow the seat belt defense to bar all recovery to a survivor would allow otherwise liable defendants to escape liability for all types of injuries caused to a decedent as long as it could be shown that the decedent's death was directly attributable to non-use of a seat belt. Such a result is similar to the anomaly that Florida's Wrongful Death Act was designed to avoid.

10. The above reasoning is especially applicable to the case at bar. Although the evidence at trial indicated that Mr. England died because he was not wearing a seat belt, it did not show that he would not have been injured if he had been wearing a seat belt. In other words, the evidence failed to show that the decedent would have been barred from recovery for failure to mitigate damages had he survived. In fact, the evidence clearly showed that the defendant's negligence was the sole cause of the accident that resulted in Mr. England's death.

11. Even if this Court found that the seat belt defense was applicable in wrongful death actions, the defendant's proof at trial failed to meet the requirements of that defense. As explained in *Pasakarnis, supra:*

> Non-use of the seat belt may or may not amount to a failure to use reasonable care on the part of the plaintiff. Whether it does depends on the particular circumstances of the case. Defendant has the burden of pleading and proving that the plaintiff did not use an available and operational seat belt, that the plaintiff's failure to use the seat belt was unreasonable under the circumstances, and that there was a causal relationship between the injuries sustained by the plaintiff and plaintiff's failure to buckle up.

451 So.2d at 454. Although the defendant produced evidence indicating that the decedent had an operational seat belt available and that he received fatal injuries as a result of his non-use of a seat belt, the defendant failed to offer evidence that Mr. England acted unreasonably under the circumstances by not wearing a seat belt. The *Pasakarnis* court expressly rejected the rule that failure to wear a seat belt is negligence per se. *Id.* at 453. Therefore, in addition to deciding that application of Florida's seat belt defense in this wrongful death action would result in an unacceptable anomaly, this Court does not apply the defense because of this lack of proof at trial.

12. Because of the negligence of the defendant's employee, working within the scope of her employment, the Estate of William C. England suffered damages totaling $7,660 and Norma Karleen England, as surviving spouse of William C. England, suffered damages totaling $67,590 for a combined total of $75,250 for which defendant is liable in this case.

13. Any of the above conclusions of law which could more appropriately be designated as findings of fact are hereby deemed to be additional findings of fact.

IT IS ORDERED, therefore, that the clerk enter judgment in favor of the Estate of William C. England in the amount of $7,660 and in favor of Norma Karleen England in the amount of $67,590.

IT IS FURTHER ORDERED that each party bear its own costs.