445 So.2d 1010 (1983)
VARIETY CHILDREN'S HOSPITAL, Petitioner,
v.
Thomas PERKINS, as personal Representative of the Estate of Anthony Perkins, Respondent.
No. 62190.
Supreme Court of Florida.
December 15, 1983.
Rehearing Denied March 22, 1984.
*1011 James E. Tribble of Blackwell, Walker, Gray, Powers, Flick & Hoehl, Miami, for petitioner.
Marcia E. Levine of Fazio, Dawson & Disalvo, Fort Lauderdale, for respondent.
Marjorie Gadarian Graham of Jones & Foster, West Palm Beach, for Florida Defense Lawyers Association, amicus curiae.
Chris W. Altenbernd of Fowler, White, Gillen, Boggs, Villareal & Banker, Tampa, for Florida Farm Bureau Mut. Ins. Co., amicus curiae.
Jane Kreusler-Walsh and Larry Klein, West Palm Beach, for The Academy of Florida Trial Lawyers, amicus curiae.
BOYD, Justice.
We have for review a decision of a district court of appeal, Perkins v. Variety Children's Hospital, 413 So.2d 760 (Fla. 3d DCA 1982), which passed upon a question certified to be of great public importance. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Thomas Perkins, as personal representative of the estate of his son Anthony Perkins, brought an action to recover for his son's wrongful death. The action was based on injuries which had already been the subject of a personal injury action in which the injured minor recovered damages for his injuries and the parents recovered for past and future medical expenses. The defendant raised the affirmative defenses that the cause of action had already been satisfied and that the statute of limitations had run, measured from the time of the original incident. The trial court entered summary judgment for the defendant.
The district court of appeal reversed on the ground that the right to recover for wrongful death is separate and independent from, rather than derivative of, the injured person's right while living to recover for personal injuries. The court also held that the two-year statute of limitations for wrongful death begins to run at the time of death, not at the time of the original incident, and that the action was therefore timely filed. The court then certified the following question as one of great public importance:
Whether a judgment for personal injuries recovered during life-time of an injured person bars a subsequent wrongful death action by the personal representative of the deceased where death is a result of the same injuries.
413 So.2d at 766. We take the view contrary to that of the district court of appeal and hold that the judgment for personal injuries rendered in favor of the injured party while living barred the subsequent wrongful death action based on the same tortious conduct.
Our holding is based upon the language contained in section 768.19, Florida Statutes (1981), which provides:
When the death of a person is caused by the wrongful act, negligence, default, or breach of contract or warranty of any person, including those occurring on navigable waters, and the event would have entitled the person injured to maintain an action and recover damages if death had not ensued, the person or watercraft that would have been liable in damages if death had not ensued shall be liable for damages as specified in this act notwithstanding the death of the person injured, although death was caused under circumstances constituting a felony.
The district court of appeal reasoned that this section, which is part of the Florida Wrongful Death Act, creates an independent cause of action in the statutory beneficiaries which cannot be barred by the decedent's having obtained a prior judgment for personal injuries.
*1012 The district court's decision is contrary to the prevalent view ascribed to by the courts of other jurisdictions that have similar statutes. "[T]he majority of the courts have held that a judgment for or against the decedent in an action for his injuries commenced during his lifetime, or the compromise and release of such an action, will operate as a bar to any subsequent suit founded upon his death." W. Prosser, Law of Torts, § 127 (4th ed. 1971) (footnotes omitted).
The general rule is that, if the injured party sues and recovers damages for his fatal injuries during his lifetime, the cause of action is thereby satisfied and, in the absence of fraud, duress, inadvertence or mistake, no right of action for death remains for the benefit of the persons named in the wrongful death statute.
This rule is supported by the theory that a cause of action merges into the judgment and, once the judgment is rendered and final, no cause of action exists.
In some cases the rule has been based upon the ascertained legislative intention to provide a remedy where, under the common law, none existed, and not to make the wrongdoer pay twice for one wrong. In other instances, it is based upon an express statutory provision that the right of action for death exists only in cases where the injured party could himself maintain the action if he were living in conjunction with an interpretation of such provision as requiring, as a condition precedent, the right of decedent to maintain the action at the time of his death.
S. Speiser, Recovery for Wrongful Death, § 5:18 (1966) (footnotes omitted).
We find these reasons supporting the majority rule to be persuasive. At common law a person's right to sue for personal injuries terminated with his death. This created the anomaly that a tortfeasor who would normally be liable for damages caused by his tortious conduct would not be liable in situations where the damages were so severe as to result in death. This paradox was remedied by creating an independent cause of action for the decedent's survivors. It is thus clear that the paramount purpose of the Florida Wrongful Death Act is to prevent a tortfeasor from evading liability for his misconduct when such misconduct results in death.
In this case the deceased had already obtained a judgment of $1,000,000 and his parents had recovered $200,000 from the defendant. Hence the defendant has already been held accountable for its tortious conduct. To allow the estate to relitigate the case to obtain an additional judgment would not further the paramount purpose of the Florida Wrongful Death Act. Instead it would create many additional problems involving "lack of repose, double recovery, discouragement of settlement, the interests of unborn heirs and res judicata." Alfone v. Sarno, 87 N.J. 99, 130, 432 A.2d 857, 873 (1981) (Clifford, J., dissenting). See also Note, Action for Wrongful Death Not Extinguished by Decedent's Personal Injury Recovery, 12 Seton Hall L.Rev. 371 (1982).
At the moment of his death the injured minor Anthony Perkins had no right of action against the tortfeasor because his cause of action had already been litigated, proved and satisfied. The recovery awarded by the judgment in the previous personal injury action included damages arising from future expenses. Since there was no right of action existing at the time of death, under the statute no wrongful death cause of action survived the decedent. See Collins v. Hall, 117 Fla. 282, 157 So. 646 (1934); Duval v. Hunt, 34 Fla. 85, 15 So. 876 (1894); Warren v. Cohen, 363 So.2d 129 (Fla. 3d DCA 1978), cert. denied, 373 So.2d 462 (Fla. 1979).
We therefore quash the decision of the district court of appeal and remand with instructions that the trial court's judgment be affirmed.
It is so ordered.
ALDERMAN, C.J., and OVERTON and McDONALD, JJ., concur.
*1013 EHRLICH, J., concurs in result only with an opinion, with which OVERTON, J., concurs.
ADKINS, J., dissents with an opinion.
EHRLICH, Justice, concurring.
I concur in the result reached by the majority. I write separately to reemphasize this Court's continued adherence to its determination of the nature of wrongful death actions. As the district court correctly noted, "The Florida Supreme Court has consistently found that ... [the] Wrongful Death Act ... creates an independent cause of action in the statutory beneficiaries." Perkins v. Variety Children's Hospital, 413 So.2d at 761. This has been true throughout the history of the Act in Florida, despite the variety of revisions and reenactments it has undergone. See, e.g., Martin v. United Security Services, Inc., 314 So.2d 765 (Fla. 1975); Stokes v. Liberty Mutual Insurance Co., 213 So.2d 695 (Fla. 1968); Moragne v. State Marine Lines, Inc., 211 So.2d 161 (Fla. 1968); Shiver v. Sessions, 80 So.2d 905 (Fla. 1955); Eppes v. Railway Express Agency, 40 So.2d 131 (Fla. 1949); Ake v. Birnbaum, 156 Fla. 735, 25 So.2d 213 (1945); Florida East Coast Ry. v. McRoberts, 111 Fla. 278, 149 So. 631 (1933); Florida Cent. & P.R. Co. v. Foxworth, 41 Fla. 1, 25 So. 338 (1899); Duval v. Hunt, 34 Fla. 85, 15 So. 876 (1894). The most recent comprehensive revision of the Wrongful Death Act, section 768 et seq., Florida Statutes (1973), merged any survival action for personal injuries with the wrongful death action by allowing survivors to recover for their own pain and suffering while abating the right of any recovery on the decedent's behalf. See Martin v. United Securities Service, Inc.
The wrongful death action is not derivative, but it is remedial and should be construed to fulfill its remedial function. See, e.g., Klepper v. Breslin, 83 So.2d 587 (Fla. 1955); Nolan v. Moore, 81 Fla. 594, 88 So. 601 (1920). It was designed to fill a void in the common law, not to aggregate with all the other causes of action already existing under the common law. See Atlas Properties, Inc. v. Didich, 226 So.2d 684 (Fla. 1969). When an injured party brings suit, his measure of damages includes the loss of capacity for the enjoyment of life, loss of earning power, medical costs and pain and suffering over his projected lifetime. The legislature's substitution of damages for survivors' pain and suffering in place of decedent's damages for pain and suffering clearly indicate the legislature's policy of limiting potential liability of tortfeasors. By the same analysis, payment for damages to the injured party must surely end the defendant's liability.
The matter is one of policy and of equity. Where an injured party has been legally "made whole" by the tortfeasor the event giving rise to the liability has been legally laid to rest. There is no social or legal need for the alternative remedy of a wrongful death action. Once the defendant has compensated his victim for his wrongdoing, he must be freed from the fear of future liability to another party arising from that same act against that same victim.
OVERTON, J., concurs.
ADKINS, Justice, dissenting.
The question before the Court is one of statutory interpretation. Section 768.19, Florida Statutes, requires that the initial injury be one that "would have entitled the person injured to maintain an action and recover damages if death had not ensued." This language is capable of two different interpretations. The majority of those jurisdictions with similar statutes has interpreted such language to require the decedent to have had at the time of death a viable cause of action against the tortfeasor for the injury which eventually resulted in death. See e.g., Mellon v. Goodyear, 277 U.S. 335, 344, 48 S.Ct. 541, 544, 72 L.Ed. 906 (1928); Harris v. Illinois Cent. R. Co., 111 Miss. 623, 71 So. 878 (1916). These jurisdictions have adopted the "derivative" approach to wrongful death actions, where the designated beneficiary's ability to maintain a wrongful death *1014 action is dependent on the decedent's ability to have maintained a personal injury action at the moment of death. A minority of jurisdictions, on the other hand, has interpreted the language to require only that the tortfeasor be at fault in the injury which eventually resulted in death, therefore fixing the liability of the tortfeasor at all times subsequent to the injury. E.g., Alfone v. Sarno, 87 N.J. 99, 432 A.2d 857 (1981). This approach allows the beneficiaries to recover on a wrongful death claim if it is determined that the tortfeasor was at fault in the initial injury to the eventual decedent, and a wrongful death recovery is unaffected by any act of the eventual decedent subsequent to his injury. A majority of this Court has chosen to follow the "derivative" approach to wrongful death actions in their interpretation of the statute. A review of those decisions which have addressed the Florida wrongful death statutes and the purpose underlying those statutes shows that the majority interpretation is incorrect.
Both the majority and concurring opinions base their decisions to some degree on the notion that the tortfeasor has already made his victim whole or has been held accountable in the earlier personal injury suit. The opinions, however, have lost sight of the fact that the tortfeasor has caused distinct injuries to two separate parties. As emphasized in the concurring opinion, this Court has always held that the wrongful death statutes create an independent cause of action in the designated beneficiaries. This independent recognition is based on the realization that the tortfeasor inflicts an injury on the beneficiaries separate and apart from the injury inflicted on the decedent. E.g., Epps v. Railway Express Agency, Inc., 40 So.2d 131 (Fla. 1949); Ake v. Birnbaum, 156 Fla. 735, 25 So.2d 213, 220 (1945). This realization is exemplified by statutory provision, where damages recoverable by the beneficiaries are tailored solely to their losses and are unrelated to damages sustained by the decedent. § 768.21, Fla. Stat. (1981); See also Ake, 25 So.2d at 221. The fact that the 1972 revision to the Florida Wrongful Death Act abated any recovery on the decedent's behalf through a survivor's action in favor of recovery by the beneficiaries for pain and suffering through a wrongful death action is not indicative of a legislative intent to limit the tortfeasor's liability. Rather, the revision was intended only to ensure that the living were compensated for their losses sustained as a result of the tortfeasor's acts. See Florida Law Revision Commission, Report on Proposed Revision of Florida Wrongful Death and Survival Statutes, at 26, 47 (1969) (L. Powers, reporter). This emphasis on compensating the beneficiaries for their losses has led this Court to indicate in dictum that a wrongful death action is not derivative from any action which the decedent may have maintained had death not ensued. Stokes v. Liberty Mutual Insurance Co., 213 So.2d 695, 698 (Fla. 1968). Clearly, this Court has consistently recognized the paramount purpose of a wrongful death action to be the compensation of the decedent's beneficiaries for losses sustained from the death of the decedent.
The statutory interpretation adopted by the majority, however, causes the beneficiary's ability to recover compensation to be totally dependent upon the decedent's rights at the time of death. In effect, recovery by one party, or inability to recover at the time of death for reasons personal to that party, for injuries caused by the tortfeasor's act precludes recovery by a second party independently injured by the same act. This result is in direct conflict with the recognized purpose of the Florida wrongful death statutes. In order to ensure that the designated beneficiaries recover for their losses independently of any recovery by the decedent, the statute must be interpreted as being directed toward the initial fault of the tortfeasor in causing the injury, as opposed to the acts or abilities of the decedent subsequent to the injury.
An interpretation which emphasizes initial fault is entirely in accord with the past decisions of this Court which dealt with wrongful death actions brought while there existed procedural bars to the decedent's *1015 personal injury recovery at the time of death. In Shiver v. Sessions, 80 So.2d 905 (Fla. 1955), this Court upheld the right of the beneficiaries to bring a wrongful death action against the tortfeasor even though a decedent's personal injury action against the tortfeasor would have been barred by the doctrine of interspousal immunity. In reaching the decision, the Court emphasized that it was the original act of negligence by the tortfeasor which gave rise to the wrongful death action, and that the wrongful death action was unaffected by any bar to a decedent's personal injury action other than a bar due to a finding that the tortfeasor was without fault. 80 So.2d at 908. In Collins v. Hall, cited by the majority, this Court disallowed a wrongful death action where the decedent had previously been a party to a personal injury judgment concerning the injuries which eventually resulted in death. The Collins decision was not based, however, on the fact that the decedent did not have a viable cause of action at the time of death, but on the fact that the prior personal injury judgment had absolved the tortfeasor of liability for the initial injury. 157 So. at 647-48. Accord Duval v. Hunt, 34 Fla. 85, 15 So. 876 (1894); See also Epps, 40 So.2d at 133 (discussing the Collins decision).
It is clear from the majority and concurring opinions that there is a perceived fear of double liability/recovery if a wrongful death action is allowed to follow a personal injury recovery. That fear should disappear, however, upon the realization that a wrongful death judgment compensates certain parties for certain elements of damages, both of which are different from those compensated by a personal injury judgment. Elements of damages which are capable of being duplicated, such as the future earnings element in a personal injury judgment and the loss of monetary support element in a wrongful death judgment, could be acknowledged and taken into account prior to the wrongful death action. See Perkins v. Variety Children's Hospital, 413 So.2d 760, 763-64 (Fla.3d DCA 1982); Alfone, 432 A.2d at 865-70. The other problems perceived by the majority are simply insufficient reasons to deny the decedent's beneficiaries their statutory right to recover compensation for their losses.
For these reasons, I dissent from the result reached by the majority.