500 So.2d 743 (1987)
Sharon PAIT, Appellant,
v.
FORD MOTOR COMPANY, Appellee.
No. 86-236.
District Court of Appeal of Florida, Fifth District.
January 15, 1987.
Stewart, Tilghman, Fox & Bianchi, James C. Blecke and Susan S. Lerner, Miami, for appellant.
Ronald E. Cabaniss and Sharon Lee Stedman, of Rumberger, Kirk, Caldwell, Cabaniss & Burke, Orlando and John M. Thomas, Dearborn, Mich., for appellee.
ORFINGER, Judge.
The plaintiff appeals from a final judgment dismissing this wrongful death action on the basis of section 95.031(2), Florida Statutes (1985), the statute of repose, which provides that product liability actions must be commenced within 12 years after the date of delivery of the completed product *744 to its original purchaser. Plaintiff's decedent was killed on July 22, 1984 while operating a tractor manufactured and delivered more than 12 years earlier by defendant Ford Motor Company.
We affirm on the authority of Pullum v. Cincinnati, Inc., 476 So.2d 657 (Fla. 1985) which held the statute in question to be constitutional, and not a denial of equal protection or of access to courts.[1]Pullum expressly receded from Battilla v. Allis Chalmers Manufacturing Company, 392 So.2d 874 (Fla. 1980) which had earlier held the statute in question to be an unconstitutional deprivation of plaintiff's access to courts. If a decision holding a statute to be unconstitutional is subsequently overruled, the statute will be valid from the date it became effective. Christopher v. Mungen, 61 Fla. 513, 534, 55 So. 273, 280 (1911); State ex rel. Gillespie v. Bay County, 112 Fla. 687, 151 So. 10 (1933). It does not appear that any property or contract rights were acquired by the plaintiff here such as would make an exception to this rule applicable. Cf. Florida Forest and Park Service v. Strickland, 154 Fla. 472, 18 So.2d 251 (1944).
Neither do we perceive a legislative intent that the 1986 amendment to section 95.031(2), abolishing the 12 year statute of repose in products liability cases, operate retroactively. However, because the questions involved here are recurring and appear to be of great public importance, we certify the following to the Supreme Court of Florida.
I
WHETHER THE LEGISLATIVE AMENDMENT OF SECTION 95.031(2), FLORIDA STATUTES (1985), ABOLISHING THE STATUTE OF REPOSE IN PRODUCT LIABILITY ACTIONS, SHOULD BE CONSTRUED TO OPERATE RETROSPECTIVELY TO A CAUSE OF ACTION WHICH ACCRUED BEFORE THE EFFECTIVE DATE OF THE AMENDMENT?
II
IF NOT, WHETHER THE DECISION OF PULLUM V. CINCINNATI, INC., 476 So.2d 657 (FLA. 1985) WHICH OVERRULED BATTILLA V. ALLIS CHALMERS MANUFACTURING COMPANY, 392 So.2d 874 (FLA. 1980) APPLIES SO AS TO BAR A CAUSE OF ACTION FOR WRONGFUL DEATH THAT ACCRUED AFTER THE BATTILLA DECISION BUT BEFORE THE PULLUM DECISION?
AFFIRMED. QUESTIONS CERTIFIED.
UPCHURCH, C.J., and COWART, J., concur.
NOTES
[1] See also Cassidy v. Firestone Tire & Rubber Company, 495 So.2d 801 (Fla. 1st DCA 1986); American Liberty Insurance Company v. West and Conyers, Architects and Engineers, 491 So.2d 573 (Fla. 2d DCA 1986).