ORFINGER, Judge.
The summary final judgment appealed from is affirmed on the authority of Pait v. Ford Motor Company, 500 So.2d 743 (Fla. 5th DCA 1987). Because of the great public importance of the questions involved in the interpretation of the statute of repose as it pertains to product liability (section 95.031(2), Florida Statutes (1985)), we certify to the Supreme Court of Florida the same questions certified in Pait, viz:
I
WHETHER THE LEGISLATIVE AMENDMENT OF SECTION 95.031(2), FLORIDA STATUTES (1985), ABOLISHING THE STATUTE OF REPOSE IN PRODUCT LIABILITY ACTIONS, SHOULD BE CONSTRUED TO OPERATE RETROSPECTIVELY TO A CAUSE OF ACTION WHICH ACCRUED BEFORE THE EFFECTIVE DATE OF THE AMENDMENT?
II
IF NOT, WHETHER THE DECISION OF PULLUM V. CINCINNATI, INC., 476 SO.2D 657 (FLA.1985) WHICH OVERRULED BATTILLA V. ALLIS CHALMERS MANUFACTURING COMPANY, 392 SO.2D 874 (FLA.1980) APPLIES SO AS TO BAR A CAUSE OF ACTION FOR WRONGFUL DEATH THAT ACCRUED AFTER THE BATTILLA DECISION BUT BEFORE THE PULLUM DECISION?
AFFIRMED.
DAUKSCH and COWART, JJ., concur.