508 So.2d 713 (1987)
NISSAN MOTOR CO., LTD., Petitioner,
v.
Lynn PHLIEGER, Respondent.
No. 68823.
Supreme Court of Florida.
May 28, 1987.
Rehearing Denied July 16, 1987.
Sharon Lee Stedman, of Rumberger, Kirk, Caldwell, Cabaniss & Burke, Orlando, for petitioner.
James C. Blecke, Gary D. Fox, of Stewart, Tilghman, Fox & Bianchi, Miami, and Thomas E. Thoburn, Cocoa, for respondent.
EHRLICH, Justice.
We have for review Phlieger v. Nissan Motor Co. 487 So.2d 1096 (Fla. 5th DCA 1986), because of apparent conflict with several decisions of this Court. We have jurisdiction, article V, section 3(b)(3), Florida Constitution, and approve the decision below.
In August 1981, Jay Phlieger was killed as a result of an allegedly defective roof design in his Nissan truck. In June 1983, less than two years after Mr. Phlieger's death, his widow, in her capacity as his personal representative (respondent herein), filed a wrongful death action against Nissan, pursuant to section 768.19, Florida Statutes (1983). Nissan filed a motion for summary judgment relying on section 95.031(2), Florida Statutes (1983), the twelve-year products liability statute of repose. Nissan argued that since the truck had been originally purchased on February 13, 1970, its exposure to liability ended on February 13, 1982, pursuant to section 95.031(2). Nissan maintained that because on June 3, 1983, the date this action was filed, a products liability action by Mr. Phlieger would have been barred by section 95.031(2), a wrongful death action on behalf of his survivors was likewise barred. The trial court agreed with Nissan, entering summary judgment in its favor.
On appeal the district court reversed, holding section 95.031(2) inapplicable in wrongful death actions. In reaching this conclusion the court looked first to the various limitations set forth in sections 95.11 and 95.031(2), Florida Statutes (1983). Section 95.11 provides in pertinent part:
Actions other than for recovery of real property shall be commenced as follows:
.....
(3) WITHIN FOUR YEARS. 
(a) An action founded on negligence.
.....
(e) An action for injury to a person founded on the design, manufacture, distribution, *714 or sale of personal property that is not permanently incorporated in an improvement to real property, including fixtures.
.....
(j) A legal or equitable action founded on fraud.
.....
(4) WITHIN TWO YEARS. 
.....
(d) An action for wrongful death.
Section 95.031(2) dealing with computation of time under chapter 95 provides:
Actions for products liability and fraud under s. 95.11(3) must be begun within the period prescribed in this chapter, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence, instead of running from any date prescribed elsewhere in s. 95.11(3), but in any event within 12 years after the date of delivery of the completed product to its original purchaser or within 12 years after the date of the commission of the alleged fraud, regardless of the date the defect in the product or the fraud was or should have been discovered.
The district court reasoned that since this action was a wrongful death action pursuant to section 768.19[1] rather than a products liability action, "by its very language, section 95.031(2) does not apply and, rather, the two year statute of limitations for wrongful death actions found in section 95.11(4)(d) applies." 487 So.2d at 1097. Nissan concedes that it is section 95.11(4)(d) rather than section 95.11(3) which is the applicable statute of limitations in this action but argues that the twelve-year statute of repose set forth in section 95.031(2) applies to bar what Nissan characterizes as the underlying products liability cause of action. Nissan maintains that the district court confused the concepts of a "right of action" and a "cause of action." It contends that Florida's Wrongful Death Act simply gives the designated beneficiaries a right of action based on the decedent's underlying products liability cause of action. Thus, according to Nissan, because the underlying products liability action is barred by section 95.031(2), Mrs. Phlieger has a right of action but has no viable cause of action. Nissan relies heavily on this Court's decisions in Variety Children's Hospital v. Perkins, 445 So.2d 1010 (Fla. 1983), and Ash v. Stella, 457 So.2d 1377 (Fla. 1984), for the position that Florida's Wrongful Death Act does not create a cause of action separate and distinct from that which the decedent could have maintained had he lived. We reject this narrow interpretation of Florida's Wrongful Death Act and agree with the district court that our decisions in Perkins and Ash "actually support Mrs. Phlieger's position." 487 So.2d at 1098.
Florida's Wrongful Death Act does create a right of action in favor of statutory beneficiaries which was not recognized at common law. Florida East Coast Ry. v. McRoberts, 111 Fla. 278, 149 So. 631 (1933); Perkins, 445 So.2d at 1012. However, this Court has consistently held that the act also creates a new and independent cause of action in the statutorily designated beneficiaries. See, e.g., Perkins, 445 So.2d at 1012; Martin v. United Security Services, Inc., 314 So.2d 765 (Fla. 1975); Stokes v. Libery Mutual Insurance Co., 213 So.2d 695 (Fla. 1968); Shiver v. Sessions, 80 So.2d 905 (Fla. 1955); Epps v. Railway Express Agency, 40 So.2d 131 (Fla. 1949); Ake v. Birnbaum, 156 Fla. 735, 25 So.2d 213 (1945). Neither Ash nor Perkins should be read to have held to the contrary.
*715 Although we stated in Ash that the issue before the Court was "whether a survivor can bring a wrongful death action in cases where if the decedent had survived, the decedent would have been precluded from filing suit because of the statute of limitations," 457 So.2d at 1378-79, that issue was never actually reached by this Court. In Ash we held that wrongful death actions based on medical malpractice would be governed by the medical malpractice statute of limitations, section 95.11(4)(b), Florida Statutes (1979). This conclusion was based solely on the fact that the statute of limitations at issue specifically defined an action for medical malpractice as including "a claim in tort or in contract for damages because of ... death" and thus, clearly expressed the legislature's intent that section 95.11(4)(b) apply to wrongful death actions based on medical malpractice. 457 So.2d at 1379, quoting § 95.11(4)(b).
Neither does this Court's decision in Perkins support the position urged by Nissan. In Perkins we held, in accord with the majority of other courts which have addressed the issue, that a wrongful death action is barred where the decedent, during his lifetime, had filed a personal injury action against the tortfeasor and had fully recovered. Our holding was based on the fact that "[a]t the moment of his death [the injured party] had no right of action against the tortfeasor because his cause of action had already been litigated, proved and satisfied... . Since there was no right of action existing at the time of death, under the statute no wrongful death cause of action survived the decedent." 445 So.2d at 1012 (emphasis added). As noted by the district court below, at the moment of Jay Phlieger's death, the twelve years had not yet run. Therefore, unlike the decedent in Perkins, Mr. Phlieger had a right to maintain an action against Nissan at the time of his death; and thus, Mrs. Phlieger, acting as his personal representative, had a statutory right to bring an action based on injuries suffered by Mr. Phlieger's survivors as a result of his death. See Ake v. Birnbaum, 156 Fla. 735, 25 So.2d 213. The question then becomes does section 95.031(2) apply to bar this otherwise viable wrongful death action.
We agree with the district court that "by its very language section 95.031(2) does not apply [to wrongful death actions]." 487 So.2d at 1097. Section 95.031(2) specifically refers to "the actions for products liability ... under s. 95.11(3)." Section 965.031(2) makes no reference to wrongful death actions under section 95.11(4)(d); nor does either section 95.11(3) or section 95.031(2) refer to actions for damages because of death. Compare Ash (wrongful death action based on medical malpractice barred where medical malpractice statute of limitations specifically defined an action for medical malpractice as including a claim for damages because of death) with Parker v. City of Jacksonville, 82 So.2d 131 (Fla. 1955) (wrongful death action was not barred by statute of limitations pertaining to actions against city for any negligence or wrongful injury or damage to person or property where statute did not expressly refer to death actions.). Therefore, we conclude that the legislature did not intend that section 95.031(2) operate as a bar to wrongful death actions brought more than twelve years after the original purchase of the product allegedly causing death.[2]
Accordingly, the decision of the district court below is approved.
It is so ordered.
McDONALD, C.J., and OVERTON, SHAW, BARKETT and KOGAN, JJ., concur.
GRIMES, J., concurs specially in result only with an opinion.
GRIMES, Justice, specially concurring in result only.
A statute of repose cuts off a right of action within a specified time after the delivery of a product or the completion of an improvement, regardless of the time of the accrual of the cause of action. Bauld *716 v. J.A. Jones Construction Co., 357 So.2d 401 (Fla. 1978). Section 95.031(2), Florida Statutes (1983), was a statute of repose which precluded actions for products liability if brought more than twelve years after the product was sold.
In this case the Nissan truck was sold on February 13, 1970. Therefore, according to the terms of the statute, any products liability action predicated upon defects in the truck had to be instituted by February 13, 1982. Respondent's husband was killed while driving the truck on August 8, 1981. If he had been injured rather than killed in the accident, he would have had to bring his products liability action by February 13, 1982. The fact that he died in the accident and his wife, the respondent, thereby became entitled to bring suit under the Wrongful Death Statute does not change this result.
The Wrongful Death Statute simply permits certain designated persons having a relationship with the decedent to bring suits which would have otherwise terminated upon death under common law. While wrongful death actions are authorized to be filed within two years of the death of the decedent, this does not have the effect of tacking additional time on the statute of repose. The absence of any reference in section 95.031(2) to the provisions of section 95.11(4)(d) is of no moment because the statute of repose is only directed to limiting fraud and product liability actions, both of which are delineated under section 95.11(3). Section 95.031(2) does not purport to shorten the two-year statute of limitations for wrongful death actions. There is nothing to prevent a wrongful death action from being filed beyond the expiration of the statute of repose except that it cannot include a claim for products liability. Since the respondent's suit was not filed until after February 13, 1982, and was entirely based on products liability, the statute of repose dictated that it should be dismissed.
Ironically, in Pait v. Ford Motor Co., 500 So.2d 743 (Fla. 5th DCA 1987), another panel of the Fifth District Court of Appeal has recently held that section 95.031(2) precluded the filing of a wrongful death action. In that case the death occurred more than twelve years after the offending product had been purchased. Nevertheless, if section 95.031(2) has no effect upon wrongful death actions, the suit should have been upheld because it was obviously filed within two years of the death.
Having reached the conclusion that section 95.031(2) is applicable to wrongful death actions, I must necessarily address two additional arguments posed by respondent. First, respondent points to the fact that in 1986 the legislature amended section 95.031(2) so as to repeal the statute of repose in product liability actions. She argues that even though the statute of repose was not eliminated until after the summary judgment was entered, the legislation should be retroactively applied because the case is still in the appellate process.
In considering this question, the cases involving statutory changes to periods of limitation are instructive. It is well settled that before a statute of limitation can be applied retroactively, there must be a clear manifestation of legislative intent that it be given retroactive effect. Homemakers, Inc. v. Gonzalez, 400 So.2d 965 (Fla. 1981); Foley v. Morris, 339 So.2d 215 (Fla. 1976); Brooks v. Cerrato, 355 So.2d 119 (Fla. 4th DCA), cert. denied, 361 So.2d 831 (Fla. 1978). In Foley the court held that a new statute of limitations which provided only that it should take effect on a specified date did not manifest an intention by the legislature to have other than prospective application. While Foley dealt with a shortening of the period of limitations, Homemakers involved the question of whether a statute which extended the period of limitations could be retroactively applied to resurrect a cause of action which had been untimely filed under the old statute. Finding no legislative manifestation that the new statute could be applied retroactively, the court declined to do so.
Using language similar to that construed in Foley, the 1986 legislation pertaining to section 95.031(2) referred only to the fact that it became effective on July 1, 1986. Since there was no manifestation of retroactive *717 effect, I cannot see how the subsequent elimination of the statute of repose on products liability actions can save respondent's suit. Accord Small v. Niagara Machine & Tool Works, 502 So.2d 943 (Fla. 2d DCA 1987); Pait. See also CBS, Inc. v. Garrod, 622 F. Supp. 532 (M.D.Fla. 1985) (repeal of a statute does not divest one of the defense which arose under the former statute), aff'd, 803 F.2d 1183 (11th Cir.1986).
In order to address respondent's remaining argument, consideration must be given to the history of section 95.031. Prior to the death of respondent's husband, this Court, reviewing the validity of this statute in Battilla v. Allis Chalmers Manufacturing Co., 392 So.2d 874 (Fla. 1980), stated:
The circuit court held that this product liability action was barred by the statute of limitations, section 95.031, Florida Statutes (1975). We reverse on the authority of Overland Construction Co. v. Simmons, 369 So.2d 572 (Fla. 1979), and hold that, as applied to this case, section 95.031 denies access to courts under article I, section 21, Florida Constitution. See also Purk v. Federal Press Co., 387 So.2d 354 (Fla. 1980); Bauld v. J.A. Jones Construction Co., 357 So.2d 401 (Fla. 1978).
392 So.2d at 874. Several years later in Pullum v. Cincinnati, Inc., 476 So.2d 657 (Fla. 1985), the Court receded from Battilla and held that section 95.031(2) was constitutional even with respect to causes of action which did not accrue until after the twelve-year statute of repose had expired. Respondent argues that Pullum should be given only prospective effect.
As a general rule, a decision of a court of last resort which overrules a prior decision is retrospective as well as prospective in its operation unless declared by the opinion to have prospective effect only. Black v. Nesmith, 475 So.2d 963 (Fla. 1st DCA 1985). The Pullum decision was silent on the question of retroactivity. However, there is an exception to the foregoing rule which provides that where property or contract rights have been acquired under and in accordance with a previous statutory construction of the supreme court, such rights should not be destroyed by giving a retrospective operation to a subsequent overruling decision. Department of Revenue v. Anderson, 389 So.2d 1034 (Fla. 1st DCA 1980), review denied, 399 So.2d 1141 (Fla. 1981). In Florida Forest & Park Service v. Strickland, 154 Fla. 472, 18 So.2d 251 (1944), this Court applied the exception to a case in which a worker's compensation claimant had appealed an adverse decision to the circuit court in accordance with existing law. After the circuit court had ruled in favor of the claimant but while the case was still on appeal, the supreme court had overruled a prior decision and held that those seeking review of decisions of deputy commissioners in worker's compensation cases must first exhaust their remedies by way of appeal to the Florida Industrial Commission. The Strickland court recognized that the claimant had relied on existing procedures when he appealed to the circuit court and refused to penalize him for failing to appeal to the Florida Industrial Commission when he had no reason to know that he should do so.
I find respondent to have been in a substantially similar position. When her husband died, she had more than six months to bring suit even under the statute of repose. However, because the statute of repose had been declared invalid in Battilla, she had no reason to believe that she did not have the full two years provided by section 95.11(4)(d). It was only after she had sued within that two-year period that this Court in Pullum reinstated the validity of the statute of repose. Like the claimant in Strickland, respondent had relied on the existing statutory construction to her detriment, and as to her, Pullum should not be applied retroactively. The recent decisions in Pait and Cassidy v. Firestone Tire & Rubber Co., 495 So.2d 801 (Fla. 1st DCA 1986), in which Pullum was retrospectively applied may be distinguished because in both of those cases the accidents occurred beyond the twelve-year period of the statute of repose. There, the claimants' rights were acquired only as a result of accidents over which they had no control, and there was no reliance upon existing law pertaining *718 to the length of time within which they could bring suit.
Therefore, I concur with the result reached by the majority opinion, but I do so for entirely different reasons than those expressed therein.
NOTES
[1] § 768.19, Fla. Stat. (1983), provides:

Right of action.  When the death of a person is caused by the wrongful act, negligence, default, or breach of contract or warranty of any person, including those occurring on navigable waters, and the event would have entitled the person injured to maintain an action and recover damages if death had not ensued, the person or watercraft that would have been liable in damages if death had not ensued shall be liable for damages as specified in this act notwithstanding the death of the person injured, although death was caused under circumstances constituting a felony.
[2] We note that § 95.031(2) has been amended to effectively repeal the twelve-year statute of repose as it applies to products liability actions. See ch. 86-272, § 2, Laws of Fla.