510 So.2d 342 (1987)
Sheila HENLEY, As Personal Representative of the Estate of Nathaniel Henley, Sr., Deceased, Appellant,
v.
J.I. CASE COMPANY, a Foreign Corporation, Appellee.
No. 86-2999.
District Court of Appeal of Florida, Third District.
July 14, 1987.
Rehearing Denied August 19, 1987.
Stewart, Tilghman, Fox & Bianchi and David W. Bianchi, Miami, for appellant.
Adams, Hunter, Angones, Adams, Adams & McClure and Christopher Lynch, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and DANIEL S. PEARSON, JJ.

ON REHEARING
DANIEL S. PEARSON, Judge.
Two days after we issued our opinion in this case affirming a summary judgment for the defendant, J.I. Case Company, on the ground that Mrs. Henley's action for the wrongful death of her husband was barred by the statute of repose, the Supreme Court of Florida decided Nissan Motor Co. v. Phlieger, 508 So.2d 713, (Fla. 1987). Five days after that, Mrs. Henley asked us for a rehearing, contending that the meaning of Phlieger is that the statute of repose has no application whatsoever to a wrongful death action. In response, the defendant pointed out that Mr. Phlieger, unlike Mr. Henley, was killed within twelve years of the offending product's delivery, and thus, the beneficiaries of his estate had an "otherwise viable wrongful death action." Phlieger, 508 So.2d at 715. Case's argument continued that since the wrongful death statute gives to the decedent's beneficiaries only those rights which the decedent had before death, and the statute of repose would have barred Henley's product liability claim had he lived, the wrongful death claim is likewise barred.
We readily acknowledge that both Henley's and Case's contentions find support in the Phlieger opinion. Henley can logically argue that since Phlieger's wrongful death action was actually brought more than a year after the expiration of the statute of repose, the Supreme Court must have meant to completely exclude wrongful death actions from the statute's operation. *343 Moreover, says Henley, the Phlieger court expressly noted that the wrongful death statute created "a new and independent cause of action in the statutorily designated beneficiaries," to which the statute of repose "by its very language ... does not apply... ." Phlieger, 508 So.2d at 715 (quoting Phlieger v. Nissan Motor Co., 487 So.2d 1096, 1097 (Fla. 5th DCA 1986)).
Case, on the other hand, suggests that the Phlieger court, by pointing out that
"Mr. Phlieger had a right to maintain an action against Nissan at the time of his death; and thus, Mrs. Phlieger, acting as his personal representative, had a statutory right to bring an action based on injuries suffered by Mr. Phlieger's survivors as a result of his death," Phlieger, 508 So.2d at 715 (emphasis supplied),
obviously meant that only wrongful deaths occurring before the expiration of the statute of repose could be sued on, since otherwise, it would be entirely irrelevant to discuss whether Phlieger died within or without the statute of repose period.
While Phlieger may offer something for everyone, we accept  with some trepidation  Henley's interpretation of Phlieger. We do so because, after all was said in Phlieger, what was done in Phlieger was to permit the personal representative to bring suit after the expiration of the statute of repose. This, to us, is the strongest indication that the products liability statute of repose which requires that the action be begun within the twelve-year period is simply inapplicable to wrongful death actions.
Accordingly, the rehearing is granted, the summary judgment for the defendant is reversed, and the cause is remanded for further proceedings.
We certify to the Supreme Court the following question as being one of great public importance:
DOES THE STATUTE OF REPOSE BAR A WRONGFUL DEATH ACTION WHERE THE DEATH OCCURRED MORE THAN TWELVE YEARS AFTER THE ORIGINAL PURCHASE OF THE PRODUCT WHICH ALLEGEDLY CAUSED THE DEATH?