513 So.2d 1273 (1987)
Barbara E. KIRCHNER, Etc., Appellant,
v.
AVIALL, INC., et al., Appellees.
No. BN-219.
District Court of Appeal of Florida, First District.
August 26, 1987.
On Motion for Rehearing and Certification October 28, 1987.
Joel S. Perwin, of Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, P.A., Miami, for appellant.
Kathleen M. O'Connor, of Thornton, David & Murray, P.A., Miami, for appellees.
THOMPSON, Judge.
This is an appeal from a summary final judgment holding that appellant Kirchner's wrongful death products liability action is barred on the basis of the 12 year products liability statute of repose. We affirm.
The facts are undisputed. In 1955 defendant/appellee General Dynamics Corporation (General Dynamics) sold to the United States Navy, the original purchaser, a certain airplane, which on April 30, 1983 crashed, killing Kirchner's decedent. On April 26, 1985, less than two years later, Kirchner sued General Dynamics for wrongful death based on a products liability theory.
The 12 year statute of repose on products liability actions, § 95.031(2), Fla. Stat. (1985), had run long before the death of Kirchner's husband and the husband would therefore have had no cause of action on a products liability theory had he survived the crash. Accordingly, under the facts in this case the statute of limitations on wrongful death actions has no application. Wrongful death actions may be maintained only if the fatal event would have entitled the person injured to maintain an action and recover damages if death had not ensued. At the time of decedent's death he could not have maintained an action for injuries and damages. A majority of the District Courts of Appeal have held that if a limitations period prescribed by statute has expired at the time of the death so that the decedent would have had no cause of action for injuries and damages, then his survivors cannot maintain a wrongful *1274 death action. Hudson v. Keene Corporation, 445 So.2d 1151 (Fla. 1st DCA 1984), affirmed 472 So.2d 1142 (Fla. 1985); Small v. Niagara Machine & Tool Works, 502 So.2d 943 (Fla. 2d DCA), rev. denied, No. 70,238 (Fla. July 24, 1987); Pait v. Ford Motor Co., 500 So.2d 743 (Fla. 5th DCA 1987). Pait was decided by the Fifth District Court of Appeal after the decision of that court in Phlieger v. Nissan Motor Co., Ltd., 487 So.2d 1096 (Fla. 5th DCA 1986) (Phlieger I).
In Phlieger I the district court held that because the 12 year statute of repose had not run at the time of the death of a man who was killed as a result of an allegedly defective truck design, his survivors could bring a wrongful death action on a products liability theory at any time within two years of the death even if the 12 year statutory period expired between the date of the fatal event and the time suit was brought. The court stated that the survivors' right of action under the wrongful death statute must be determined by the facts existing at the time of death. At the time of his death Mrs. Phlieger's decedent would have had a right to bring an action and thus the wrongful death statute of limitations was applicable and the wrongful death action was not barred. This decision in no way conflicts with Pait, also decided by the Fifth District Court, in which case the decedent did not have a cause of action against the product manufacturer at the time of his death because the twelve year limitations period prescribed by the statute of repose had expired.
The Florida Supreme Court in Nissan Motor Co. Ltd. v. Phlieger, 508 So.2d 713 (Fla. 1987) (Phlieger II) granted Nissan's petition for review of the decision of the Fifth District Court of Appeal. Based on some of the language in the specially concurring opinion it might be contended that the court's decision in Phlieger II holds that the 12 year products liability statute of repose is not applicable in any case involving a wrongful death under any circumstances; however, we cannot give Phlieger II that construction. The Phlieger II decision expressly approves the Phlieger I decision of the Fifth District Court of Appeal. The Phlieger I decision stressed that the deceased would have had a cause of action that was not barred by the statute of repose at the time of his death, and that his survivors therefore had a cause of action for wrongful death. Later, in Pait, the Fifth District Court held that a wrongful death action was barred by the 12 year statute of repose if that period of limitation expired prior to the date of the event causing the wrongful death. In such circumstances the wrongful death did not act to revive the products liability cause of action or create a new wrongful death cause of action. Phlieger II held that at the time of death the deceased would have had a right to maintain an action against the manufacturer and thus his wife, as personal representative, had a statutory right to bring an action for damages sustained by his survivors as a result of his death. The court distinguished Phlieger II from its decision in Variety Children's Hospital v. Perkins, 445 So.2d 1010 (Fla. 1983), saying that in Perkins the deceased would have had no right of action against the tort-feasor and since there was no right of action existing at the time of death, under the statute there was no wrongful death cause of action. After Phlieger II was decided, the Third District Court of Appeal granted rehearing in Henley v. J.I. Case Company, 510 So.2d 342 (Fla. 3d DCA 1987) and reached a different conclusion than is expressed in this opinion. Although the Henley court did not mention the opinions of the Second District Court of Appeal in Small and the Fifth District Court of appeal in Pait, its ruling was contrary to the rationale of those cases as well. On July 24, 1987, subsequent to the filing of the Henley opinion, the Florida Supreme Court denied review in Small and removed Pait from its oral argument calendar. We therefore conclude that the Florida Supreme Court agrees with the decisions of the Second District in Small and the Fifth District in Pait.
Phlieger II does not require reversal under the facts in this case. On the contrary, Phlieger II implicitly, if not expressly, holds that if the deceased would have had *1275 no cause of action at the time of his death then his survivors have no wrongful death cause of action.
AFFIRMED.
SHIVERS and NIMMONS, JJ., concur.

ON MOTION FOR REHEARING AND CERTIFICATION
THOMPSON, Judge.
Motion for rehearing is denied. However, because this case presents a question of great public importance and because of the conflict in the decisions of the district courts of appeal we certify the following question to the Supreme Court of Florida:
DOES THE STATUTE OF REPOSE, § 95.031(2) FLA. STAT. (1981), BAR A WRONGFUL DEATH ACTION BASED ON A PRODUCTS LIABILITY THEORY WHERE THE DEATH OCCURRED MORE THAN TWELVE YEARS AFTER THE ORIGINAL DATE OF DELIVERY OF THE PRODUCT WHICH ALLEGEDLY CAUSED THE DEATH?
SHIVERS and NIMMONS, JJ., concur.