379 So.2d 1310 (1980)
ELLIS NATIONAL BANK OF TALLAHASSEE, a National Banking Corporation, Appellant,
v.
Perry L. DAVIS and Burma L. Davis, His Wife, Appellees.
No. OO-152.
District Court of Appeal of Florida, First District.
February 13, 1980.
Julius F. Parker, Jr. of Madigan, Parker, Gatlin, Swedmark & Skelding, Tallahassee, for appellant.
Thomas C. Dearing of Franson, Brant, Dearing & Moore, Jacksonville, for appellees.
MILLS, Chief Judge.
In 1973 Ellis National Bank of Tallahassee brought suit on a promissory note against Perry L. and Burma L. Davis. The Davises asserted an affirmative defense of usury and prevailed in the trial court. This Court affirmed the finding as to the existence of usury, but increased the penalty in Ellis National Bank of Tallahassee v. Davis, 359 So.2d 466 (Fla. 1st DCA 1978). After certiorari was denied by the Florida Supreme Court at 365 So.2d 711 and by the United States Supreme Court, the Bank returned to the trial court and filed a motion for relief from judgment pursuant to Rule 1.540, Fla.R.Civ.P., urging that the underlying substantive law had been drastically changed by the Florida Supreme Court's decision in Cesary v. Second National Bank of North Miami, 369 So.2d 917 (Fla. 1979), that the change should now be applied to its case, and that the interests of justice would be defeated by enforcing the judgment. The trial court denied the motion.
We affirm and in so doing we adopt the ruling of the trial court:
"The Plaintiff's `Motion For Relief From Judgment' be and is hereby denied. The issue that Plaintiff seeks to raise would constitute an affirmative defense. Had it been raised as an affirmative defense, it would have had to be resolved in trial. Plaintiff, however, cannot now raise this after final hearing and after final judgment has been entered, as an affirmative defense that is not pleaded is waived. Further, Rule 1.540(b) Florida Rules of Civil Procedure does not generally allow parties to assert changes in the law. While an exception may exist when an ongoing injunction is being considered, there is no exception to this general principle under *1311 the circumstances of the instant proceeding."
AFFIRMED.
McCORD and BOOTH, JJ., concur.