392 So.2d 874 (1980)
Dante A. BATTILLA and Gail A. Battilla, His Wife, Appellants,
v.
ALLIS CHALMERS MANUFACTURING COMPANY and Travelers Insurance Company, Appellees.
No. 55908.
Supreme Court of Florida.
December 11, 1980.
Rehearing Denied February 12, 1981.
Walter G. Campbell, Jr. of Krupnick & Campbell, and Nancy Little Hoffmann, Fort Lauderdale, for appellants.
Steven R. Berger of Carey, Dwyer, Cole, Selwood & Bernard, Miami, for appellees.
PER CURIAM.
This cause is before the Court on appeal from a judgment of the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County. The judgment passed upon the validity of a state law. The notice of appeal was filed January 12, 1979. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. (1972).
The circuit court held that this product liability action was barred by the statute of limitations, section 95.031, Florida Statutes (1975). We reverse on the authority of Overland Construction Co. v. Sirmons, 369 So.2d 572 (Fla. 1979), and hold that, as applied to this case, section 95.031 denies access to courts under article I, section 21, Florida Constitution. See also Purk v. Federal Press Co., 387 So.2d 354 (Fla. 1980); Bauld v. J.A. Jones Construction Co., 357 So.2d 401 (Fla. 1978).
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD and ENGLAND, JJ., concur.
McDONALD, J., dissents with an opinion, with which OVERTON and ALDERMAN, JJ., concur.
McDONALD, Justice, dissenting.
I disagree that there is anything unconstitutional about section 95.031(2). Although I recognize that the language in Overland[1] is such that it could be authority to extend its application to this section, I would limit that holding to section 95.11(3)(c). I do this not for any reason expressed or exceptions made in Overland but because a twelve-year limitation may be reasonable for liability for manufactured products and not for liability for improvements to real property.
Until the decision of Matthews v. Lawnlite Co., 88 So.2d 299 (Fla. 1956), Florida recognized the early common law rule which inhibited recovery where there was no privity of contract. Since then the law of products liability has evolved to the point that we now recognize liability of a manufacturer which sells a product in a defective condition unreasonably dangerous to the user or consumer.[2]
*875 This developing liability of a manufacturer creates a policy dispute. It could be logically argued that once a product is manufactured and sold a manufacturer should be subject to liability for an injury whenever caused by that product. It could also be argued that such liability would place an onerous burden on industry and that, therefore, liability should be restricted to a time commensurate with the normal useful life of manufactured products.
The legislature, in enacting section 95.031(2), has determined that perpetual liability places an undue burden on manufacturers. It has determined that twelve years from the date of sale is a reasonable time for exposure to liability for manufacturers of products. I perceive a rational and legitimate basis for the legislature to take this action, particularly in view of the relatively recent developments in expanding the liability of manufacturers. Because the normal useful life of buildings is obviously greater than most manufactured products there is a distinction in the categories of liability exposure between those sought to be limited by section 95.11(3)(c), struck down in Overland, and those listed in section 95.031(2).
I would sustain the trial judge's actions in upholding section 95.031(2), Florida Statutes, which statute restricts actions against a manufacturer to twelve years from the date of the sale of the product.
OVERTON and ALDERMAN, JJ., concur.
NOTES
[1] Overland Construction Co., Inc. v. Sirmons, 369 So.2d 572 (Fla. 1979).
[2] West v. Caterpillar Tractor Co., Inc., 336 So.2d 80 (Fla. 1976).