476 So.2d 657 (1985)
Richard PULLUM, Petitioner,
v.
CINCINNATI, INC., the Cincinnati Shaper Company, Sti-Gro Corp., f/k/a Harry P. Leu Machinery Corp., Dissolved Florida Corporation, Robert H. Stine, Eugenie E. Stine and Robert E. Groth, As Directors and/or Trustees of Sti-Gro First Corp., Respondents.
No. 66198.
Supreme Court of Florida.
August 29, 1985.
Rehearing Denied November 4, 1985.
*658 Wayne Hogan of Brown, Terrell, Hogan & Ellis, Jacksonville, for petitioner.
Michael J. Arington of Ellis E. Neder, Jr., P.A., Jacksonville, for respondents.
Cathy Jackson Burris, Ft. Lauderdale, for Academy of Florida Trial Lawyers, amicus curiae.
ALDERMAN, Justice.
We review the decision of the District Court of Appeal, First District, in Pullum v. Cincinnati, 458 So.2d 1136 (Fla. 1984), wherein the district court certified the following question as being of great public importance:
Does section 95.031(2), Florida Statutes, deny equal protection of the laws to persons such as appellant [petitioner] who are injured by products delivered to the original purchaser between eight and twelve years prior to the injury?
Id. at 1140. The First District, on the authority of several decisions of our Court, answered this question in the negative and affirmed the summary judgment against Pullum. We approve the result only of this decision.
Richard Pullum was injured in April 1977 while operating a Cincinnati press brake machine which had been delivered to the original purchaser in November 1966. He filed suit against the manufacturer in November 1980, more than twelve years from this delivery date but within the applicable four-year statute of limitations. The trial court granted summary judgment against Pullum on the basis that his action was barred by section 95.031(2), Florida Statutes (1979). This statute of repose provides:
(2) Actions for products liability and fraud under s. 95.11(3) must be begun within the period prescribed in this chapter, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence, instead of running from any date prescribed elsewhere in s. 95.11(3), but in any event within 12 years after the date of delivery of the completed product to its original purchaser or within 12 years after the date of the commission of the alleged fraud, regardless of the date the defect in the product or the fraud was or should have been discovered.
The district court affirmed. Relying on Purk v. Federal Press Co., 387 So.2d 354 (Fla. 1980), it held that the reduction by this statute of repose of the time within which he was required to file suit after his accident from four years to one and one-half years did not deny him equal protection of the laws. It explained that the fact that Mrs. Purk's injury occurred prior to the enactment of section 95.031 and was covered by a one-year savings clause, while Pullum's injury occurred after the effective date of the act, did not furnish Pullum with any equal protection argument materially different from that of Mrs. Purk's. Pullum conceded that application of section 95.031(2) did not deny him his right to *659 access to the courts guaranteed by article I, section 21 of the Florida Constitution.
Pullum asks this Court to quash the decision of the First District and to hold that section 95.031(2), as "amended" by this Court's decision in Battilla v. Allis Chalmers Manufacturing Co., 392 So.2d 874 (Fla. 1980), violates his right to equal protection of the laws. In view of this decision, holding that where section 95.031(2) barred a right of action before it ever existed, it was unconstitutional as applied because it denied access to the courts, Pullum argues that the statute now irrationally applies to a very limited class of persons, i.e., those persons injured during a time period of eight to twelve years after delivery of the completed product to its original purchaser. Those injured after twelve years have a full four years within which to bring their actions.
As originally enacted, Pullum maintains, this statute did not deny equal protection because the classifications created by the statute bore a rational relationship to a legitimate state objective. Its legislatively intended purpose was to prevent perpetual liability. It affected all victims of defective products delivered more than eight years before injury. He claims that this statute denied equal protection only after this Court's decision in Battilla which gave this statute a limited continuing application to only a small arbitrarily or accidentally chosen class of defective product victims and that it now no longer bears rational relationship to a legitimate state objective.[*]
Pullum further urges that this Court find that this case involves an entirely different equal protection challenge than was made in Purk. Mrs. Purk's argument, he states, was strictly directed to the legislature's choice of twelve years as an ultimate cutoff point to prevent perpetual liability.
We have reconsidered our decision in Battilla wherein we expressly held:
The circuit court held that this product liability action was barred by the statute of limitations, section 95.031, Florida Statutes (1975). We reverse on the authority of Overland Construction Co. v. Sirmons, 369 So.2d 572 (Fla. 1979), and hold that, as applied to this case, section 95.031 denies access to courts under article I, section 21, Florida Constitution. See also Purk v. Federal Press Co., 387 So.2d 354 (Fla. 1980); Bauld v. J.A. Jones Construction Co., 357 So.2d 401 (Fla. 1978).
392 So.2d at 874. We recede from this decision and hold that section 95.031(2) is not unconstitutionally violative of article I, section 21 of the Florida Constitution. The legislature, in enacting this statute of repose, reasonably decided that perpetual liability places an undue burden on manufacturers, and it decided that twelve years from the date of sale is a reasonable time for exposure to liability for manufacturing of a product. Justice McDonald, in maintaining the constitutional validity of section 95.031(2) in his dissenting opinion in Battilla, correctly reasoned as follows:
Until the decision of Matthews v. Lawnlite Co., 88 So.2d 299 (Fla. 1956), Florida recognized the early common law rule which inhibited recovery where there was no privity of contract. Since then the law of products liability has evolved to the point that we now recognize *660 liability of a manufacturer which sells a product in a defective condition unreasonably dangerous to the user or consumer.
This developing liability of a manufacturer creates a policy dispute. It could be logically argued that once a product is manufactured and sold a manufacturer should be subject to liability for an injury whenever caused by that product. It could also be argued that such liability would place an onerous burden on industry and that, therefore, liability should be restricted to a time commensurate with the normal useful life of manufacturer products.
... I perceive a rational and legitimate basis for the legislature to take this action, particularly in view of the relatively recent developments in expanding the liability of manufacturers. Because the normal useful life of buildings is obviously greater than most manufactured products there is a distinction in the categories of liability exposure between those sought to be limited by section 95.11(3)(c), struck down in Overland, and those listed in section 95.031(2).
392 So.2d at 874-75 (footnote omitted).
The premise of Pullum's argument is that the "amendment" of this statute by Battilla has rendered it violative of his right to equal protection of the laws. He concedes that as enacted, this statute was capable of withstanding an equal protection challenge. Since we have receded from Battilla, it logically follows that section 95.031(2) does not deny equal protection. This is so because the classification originally established by the statute bears a rational relationship to a proper state objective. In receding from Battilla, we have eliminated the premise of Pullum's equal protection argument.
Accordingly, we hold that the granting of summary judgment by the trial court was proper, and we approve the result of the district court's decision which affirms the summary judgment.
It is so ordered.
BOYD, C.J., and McDONALD, EHRLICH and SHAW, JJ., concur.
ADKINS and OVERTON, JJ., dissent.
NOTES
[*] Pullum also refers to Diamond v. E.R. Squibb and Sons, Inc., 397 So.2d 671 (Fla. 1981), as being in accord with Battilla. In Diamond, we held that the operation of section 95.031(2) operated to bar a cause of action before it accrued and thereby denied the aggrieved plaintiff access to the courts. But Diamond presents an entirely different factual context than existed in either Battilla or the present case where the product first inflicted injury many years after its sale. In Diamond, the defective product, a drug known as diethylstilbestrol produced by Squibb, was ingested during plaintiff mother's pregnancy shortly after purchase of the drug between 1955-1956. The drug's effects, however, did not become manifest until after plaintiff daughter reached puberty. Under these circumstances, if the statute applied, plaintiffs' claim would have been barred even though the injury caused by the product did not become evident until over twelve years after the product had been ingested. The legislature, no doubt, did not contemplate the application of this statute to the facts in Diamond. Were it applicable, there certainly would have been a denial of access to the courts.