503 So.2d 364 (1987)
Harry LANE and Rosa Lane, His Wife, Appellants,
v.
KOEHRING COMPANY, Appellee.
No. 86-282.
District Court of Appeal of Florida, Third District.
February 10, 1987.
Gary K. Silber, David L. Rich and Jane Fishman, Fort Lauderdale, for appellants.
Corlett, Killian, Hardeman, McIntosh & Levi and James P. Murray and Leanne J. Frank, Miami, for appellee.
Before NESBITT, DANIEL S. PEARSON and JORGENSON, JJ.
PER CURIAM.
Affirmed on the authority of Shaw v. General Motors Corp., 503 So.2d 362 (Fla. 3d DCA 1987). As in Shaw, we certify to the Supreme Court of Florida the following questions as being of great public importance:
I. Should the legislative amendment of Section 95.031(2), Florida Statutes (1983), abolishing the statute of repose in product liability actions, be construed to operate retrospectively as to a cause of action which accrued before the effective date of the amendment?
II. If not, should the decision of Pullum v. Cincinnati, Inc., 476 So.2d 657 (Fla. 1985), appeal dismissed, ___ U.S. ___, 106 S.Ct. 1626, 90 L.Ed.2d 174 (1986), which overruled Battilla v. Allis Chalmers Mfg. Co., 392 So.2d 874 (Fla. 1980), apply so as to bar a cause of action that accrued after the Battilla decision but before the Pullum decision?
Affirmed.