503 So.2d 364 (1987)
Juan DOMINGUEZ and Gracela Dominguez, Appellants,
v.
BUCYRUS-ERIE COMPANY, Appellee.
No. 86-1025.
District Court of Appeal of Florida, Third District.
February 11, 1987.
Lisa Bennett, Robert F. Weiner, Coral Gables, for appellants.
Pyszka, Kessler, Massey, Weldon, Catri, Holton & Douberley, Cooper, Wolfe & Bolotin and Maureen E. Lefebvre and Marc Cooper, Miami, for appellee.
*365 Before BARKDULL, NESBITT and FERGUSON, JJ.
PER CURIAM.
Affirmed on authority of Shaw v. General Motors Corp., 503 So.2d 362 (Fla. 3d DCA 1987). We certify the same questions:
(1) Whether the legislative amendment of section 95.031(2), Florida Statutes (1983), abolishing the statute of repose in product liability actions, should be construed to operate retrospectively as to a cause of action which accrued before the effective date of the amendment.
(2) If not, whether the decision of Pullum v. Cincinnati, Inc., 476 So.2d 657 (Fla. 1985), appeal dismissed, ___ U.S. ___, 106 S.Ct. 1626, 90 L.Ed.2d 174 (1986), which overruled Battilla v. Allis Chalmers Mfg. Co., 392 So.2d 874 (Fla. 1980), applies so as to bar a cause of action that accrued after the Battilla decision but before the Pullum decision.
FERGUSON, Judge, specially concurring.
Affirmance is required by Shaw; otherwise I would dissent. The reason for giving the revised section 95.031(2), Florida Statutes (Supp. 1986), retrospective application is most compelling.
The Florida Constitution, article I, section 21, provides that "[t]he courts shall be open to every person for redress of any injury." This provision was adopted to give constitutional vitality to the maxim that for every wrong there is a remedy. Holland ex rel. Williams v. Mayes, 155 Fla. 129, 19 So.2d 709 (1944).
Pullum v. Cincinnati, Inc., 476 So.2d 657 (Fla. 1985), appeal dismissed, ___ U.S. ___, 106 S.Ct. 1626, 90 L.Ed.2d 174 (1986), effectively shut the courthouse door on a cause of action in certain product liability cases even before the cause of action accrued, leaving a person injured by another private person without a remedy. The 1986 revision to section 95.031(2) was a prompt legislative overruling of Pullum.
We are not paralyzed, by policy or precedent, from giving the corrective legislation retrospective application to a case which was sandwiched between Battilla and Pullman, so that substantial justice and right shall prevail as contemplated by the constitution. Our duty as an appellate court in construing a statute is first to reconcile it with constitutional mandates. See Biggs v. Smith, 134 Fla. 569, 184 So. 106 (1938).