503 So.2d 362 (1987)
William SHAW, Individually and As Guardian and Next Friend of Gregory Shaw and Scott Shaw, and Christel Shaw, His Wife, Appellants,
v.
GENERAL MOTORS CORPORATION and Federated Department Stores, Inc., Appellees.
No. 86-379.
District Court of Appeal of Florida, Third District.
February 10, 1987.
As Amended March 24, 1987.
Fred E. Glickman, for appellants.
Usich & Sullivan and David L. Sullivan, Rumberger, Wechsler & Kirk and M. Stephen Smith, III, and Wendy F. Lumish, Pat Harris and Michelle Fisher, for appellees.
Mershon, Sawyer, Johnston, Dunwody & Cole for Product Liability Advisory Council, Inc. and Motor Vehicle Mfrs. Ass'n of the U.S., Inc., as amici curiae.
Before HUBBART, BASKIN and DANIEL S. PEARSON, JJ.
BASKIN, Judge.
Ruling that appellants' product liability action was barred by the statute of repose, section 95.031(2), Florida Statutes (1983), the trial court entered Final Judgment in favor of appellees. The trial court determined that the action to recover damages for injuries sustained by the Shaws when their refrigerator caught fire accrued more than twelve years after the date of delivery to the original purchaser; section 95.031(2) required that actions be commenced within twelve years of delivery to the original purchaser.
When the Shaws filed their action in October, 1984, the statute of repose did not bar their lawsuit because the supreme court had declared the statute to be an unconstitutional deprivation of a plaintiff's access to courts. Battilla v. Allis Chalmers Mfg. Co., 392 So.2d 874 (Fla. 1980). *363 In 1985, however, the supreme court in Pullum v. Cincinnati, Inc., 476 So.2d 657 (Fla. 1985), appeal dismissed, ___ U.S. ___, 106 S.Ct. 1626, 90 L.Ed.2d 174 (1986), receded from its earlier holding in Battilla and held the statute constitutional.[1] Because the overruling of a decision holding a statute unconstitutional validates the statute as of its effective date, Christopher v. Mungen, 61 Fla. 513, 534, 55 So. 273, 280 (1911); Small v. Niagara Machine & Tool Works, 502 So.2d 943 (Fla. 2d DCA 1987); Pait v. Ford Motor Co., 500 So.2d 743 (Fla. 5th DCA 1987); Lamb v. Volkswagenwerk Aktiengesellschaft, 631 F. Supp. 1144 (S.D. Fla. 1986), the Shaws' action was properly the subject of the statutory bar. After the Shaws appealed the Final Judgment, the legislature amended section 95.031(2) and abrogated the statute of repose in product liability actions. Ch. 86-272, § 2, Laws of Fla. In the absence of an express intent to provide retroactive effect, a law operates prospectively, State v. Lavazzoli, 434 So.2d 321 (Fla. 1983); see Homemakers, Inc. v. Gonzales, 400 So.2d 965 (Fla. 1981); Seaboard Sys. R.R. v. Clemente, 467 So.2d 348 (Fla.3d DCA 1985), so that the repeal of the statute in question has no affect on the Shaws' suit. Accordingly, we affirm the trial court's decision.
We are aware, however, that this case presents questions of great public importance; we therefore certify, as did the fifth district in Pait, the following questions to the Supreme Court of Florida:
I. WHETHER THE LEGISLATIVE AMENDMENT OF SECTION 95.031(2), FLORIDA STATUTES (1983), ABOLISHING THE STATUTE OF REPOSE IN PRODUCT LIABILITY ACTIONS, SHOULD BE CONSTRUED TO OPERATE RETROSPECTIVELY AS TO A CAUSE OF ACTION WHICH ACCRUED BEFORE THE EFFECTIVE DATE OF THE AMENDMENT.
II. IF NOT, WHETHER THE DECISION OF PULLUM v. CINCINNATI, INC., 476 So.2d 657 (FLA. 1985), APPEAL DISMISSED, ___ U.S. ___, 106 S.CT. 1626, 90 L.ED.2D 174 (1986), WHICH OVERRULED BATTILLA v. ALLIS CHALMERS MFG. CO., 392 So.2d 874 (FLA. 1980), APPLIES SO AS TO BAR A CAUSE OF ACTION THAT ACCRUED AFTER THE BATTILLA DECISION BUT BEFORE THE PULLUM DECISION.
Affirmed.
NOTES
[1] We recognize that appellants added Federated Department Stores, Inc. as a party to this lawsuit after the court denied the rehearing in Pullman; consequently, the second certified question is not applicable to Federated Department Stores, Inc.