508 So.2d 1256 (1987)
Aquilina LAZO, Appellant,
v.
BARING INDUSTRIES, INC., and Chicago Dryer Company Laundry Machines, Appellees.
No. 86-2502.
District Court of Appeal of Florida, Third District.
April 14, 1987.
Stanley M. Rosenblatt and Alan T. Lipson, Miami, for appellant.
Rhea P. Grossman, Miami, for appellee Chicago Dryer Co. Laundry Machines.
James O. Nelson, and Steven R. Berger and Donna Weston and Harvie Duval and William Liston, Miami, for appellee Baring Industries, Inc.
Before SCHWARTZ, C.J., and HENDRY and FERGUSON, JJ.
PER CURIAM.
Affirmed on the authority of Shaw v. General Motors Corp., 503 So.2d 362 (Fla. 3d DCA 1987). See Wallis v. Grumman Corp., 503 So.2d 366 (Fla. 3d DCA 1987); Melendez v. Dreis & Krump Mfg. Co., 503 So.2d 365 (Fla. 3d DCA 1987); Brackenridge v. Ametek, Inc., 503 So.2d 363 (Fla. 3d DCA 1987); Lane v. Koehring Co., 503 So.2d 364 (Fla. 3d DCA 1987). But cf. Dominguez v. Bucyrus-Erie Co., 503 So.2d 364 (Fla. 3d DCA 1986). As in Shaw, we certify to the Supreme Court of Florida the following question as being of great public importance:
I. Should the legislative amendment of section 95.031(2), Florida Statutes (1983), abolishing the statute of repose in products liability actions, be construed to operate retrospectively as to a cause of action which accrued before the effective date of the amendment?
II. If not, should the decision of Pullum v. Cincinnati, Inc., 476 So.2d 657 (Fla. 1985), appeal dismissed, ___ U.S. ___, 106 S.Ct. 1626, 90 L.Ed.2d 174 (1986), which overruled Batilla v. Allis Chalmers Mfg. Co., 392 So.2d 874 (Fla. 1980), apply so as to bar a cause of action that accrued after the Batilla decision but before the Pullum decision.
Affirmed.