PER CURIAM.
Affirmed on the authority of Shaw v. General Motors Corp., 503 So.2d 362 (Fla. 3d DCA 1987). As in Shaw, we certify the following questions to the Florida Supreme Court as questions of great public importance:
I. WHETHER THE LEGISLATIVE AMENDMENT OF SECTION 95.031(2), FLORIDA STATUTES (1983), ABOLISHING THE STATUTE OF REPOSE IN PRODUCT LIABILITY ACTIONS, SHOULD BE CONSTRUED TO OPERATE RETROSPECTIVELY AS TO A CAUSE OF ACTION WHICH ACCRUED BEFORE THE EFFECTIVE DATE OF THE AMENDMENT.
II. IF NOT, WHETHER THE DECISION OF PULLUM V. CINCINNATI, INC., 476 S0.2D 657 (FLA.1985), APPEAL DISMISSED, — U.S. —, 106 S.CT. 1626, 90 L.ED.2D 174 (1986), WHICH OVERRULED BATTILLA V. ALLIS CHALMERS MFG. CO., 392 S0.2D 874 (FLA.1980), APPLIES SO AS TO BAR A CAUSE OF ACTION THAT ACCRUED AFTER THE BATTILLA DECISION BUT BEFORE THE PUL-LUM DECISION.
Affirmed.