506 So.2d 1160 (1987)
Alberto CLAUSELL and Patricia Clausell, Appellants,
v.
HOBART CORPORATION, Appellee.
No. 86-924.
District Court of Appeal of Florida, Third District.
May 12, 1987.
Spence, Payne, Masington, Grossman & Needle, Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin and Joel S. Perwin, Miami, for appellants.
Blackwell, Walker, Fascell & Hoehl and James E. Tribble and Angela L. DerOvanesian, Miami, for appellee.
Before DANIEL S. PEARSON and FERGUSON and JORGENSON, JJ.
PER CURIAM.
Affirmed on the authority of Shaw v. General Motors Corp., 503 So.2d 362 (Fla. 3d DCA 1987). We certify the following questions to the Florida Supreme Court as questions of great public importance. As in Shaw:
I. WHETHER THE LEGISLATIVE AMENDMENT OF SECTION 95.031(2), FLORIDA STATUTES (1983), ABOLISHING THE STATUTE OF REPOSE IN PRODUCT LIABILITY ACTIONS, SHOULD BE CONSTRUED TO OPERATE RETROSPECTIVELY AS TO A *1161 CAUSE OF ACTION WHICH ACCRUED BEFORE THE EFFECTIVE DATE OF THE AMENDMENT.
II. IF NOT, WHETHER THE DECISION OF PULLUM V. CINCINNATI, INC., 476 So.2d 657 (FLA. 1985), APPEAL DISMISSED, ___ U.S. ___, 106 S.CT. 1626, 90 L.ED.2D 174 (1986), WHICH OVERRULED BATTILLA V. ALLIS CHALMERS MFG. CO., 392 So.2d 874 (FLA. 1980), APPLIES SO AS TO BAR A CAUSE OF ACTION THAT ACCRUED AFTER THE BATTILLA DECISION BUT BEFORE THE PULLUM DECISION.
And, additionally:
III. WOULD THE APPLICATION OF PULLUM, TO BAR A CAUSE OF ACTION THAT ACCRUED AFTER THE BATTILLA DECISION BUT BEFORE THE PULLUM DECISION, DEPRIVE THE PLAINTIFF OF A RIGHT OF DUE PROCESS GUARANTEED BY THE UNITED STATES CONSTITUTION?
Affirmed.
FERGUSON, Judge (specially concurring).
Affirmance is required by Shaw; however, in my view, as was stated in a concurring opinion in Dominguez v. Bucyrus-Erie Co., 503 So.2d 364 (Fla. 3d DCA 1987), our first duty in construing a statute is to reconcile it with constitutional mandates. See Biggs v. Smith, 134 Fla. 569, 184 So. 106 (1938). That duty requires us to give the statute retroactive application so as to open the court for redress in accordance with article I, section 21, of the Florida Constitution. The purpose of the constitutional provision is to give vitality to the maxim that for every wrong there is a remedy. Holland ex rel. Williams v. Mayes, 155 Fla. 129, 19 So.2d 709 (1944). Any claim of the parties to "vested rights" in pre-statute law is subordinate.