507 So.2d 1197 (1987)
CURTISS-WRIGHT CORP., Appellant,
v.
Orlando DIAZ, Appellee.
No. 87-128.
District Court of Appeal of Florida, Third District.
June 2, 1987.
Kimbrell & Hamann and Roy D. Wasson, Miami, for appellant.
Magill & Lewis and R. Fred Lewis; Genden & Bach, Miami, for appellee.
Before SCHWARTZ, C.J., and BASKIN and DANIEL S. PEARSON, JJ.
*1198 PEARSON, DANIEL S., Judge.
In November 1985, the trial court entered a summary final judgment in a products liability action in favor of the defendant, Curtiss-Wright Corporation, on the ground that Curtiss-Wright had conclusively shown that the allegedly defective C-46 aircraft was manufactured and sold by it more than thirty years before the product allegedly injured the plaintiff in September 1982. The plaintiff did not appeal the judgment, apparently accepting the trial court's conclusion that the revitalization of the twelve-year repose provision of Section 95.031(2), Florida Statutes (1983), in Pullum v. Cincinnati, Inc., 476 So.2d 657 (Fla. 1985), extinguished his cause of action. In 1986, however, when the Legislature amended the statute of repose to exclude product liability actions from the ambit of the statute, see Ch. 86-272, § 2, Laws of Fla., the plaintiff sought relief from the summary final judgment,[1] asserting in the language of Florida Rule of Civil Procedure 1.540(b)(5) that "it is no longer equitable that the judgment ... should have prospective application." The trial court granted the plaintiff's motion and vacated the judgment. Curtiss-Wright appeals.
We reverse the order of the trial court for two distinct and separate reasons. First, although acknowledging that the trial court did not have the benefit of our rulings, this court has now decided that (a) the overruling of Battilla v. Allis Chalmers Mfg. Co., 392 So.2d 874 (Fla. 1980), in Pullum v. Cincinnati, Inc., 476 So.2d 657, validated the statute of repose as of its effective date, and (b) the 1986 legislative amendment does not operate retroactively so as to revive causes of action which had by then been extinguished by the statute of repose. See Shaw v. General Motors Corp., 503 So.2d 362 (Fla. 3d DCA 1987). See also Clausell v. Hobart Corp., 506 So.2d 1160, (Fla. 3d DCA 1987); Wallis v. Grumman Corp., 503 So.2d 366 (Fla. 3d DCA 1987); Lane v. Koehring Co., 503 So.2d 364 (Fla. 3d DCA 1987); Brackenridge v. Ametek, Inc., 503 So.2d 363 (Fla. 3d DCA 1987). Second, the provision of Rule 1.540(b)(5) under which the trial court granted relief from judgment is the same as its federal counterpart, Fed.R.Civ.P. 60(b)(5), and, therefore, it is appropriate that we "look to the background of the federal rule and the construction given it by the federal courts as authority for the correct interpretation of the Florida rule." Brown v. Brown, 432 So.2d 704, 706-07 (Fla. 3d DCA 1983), disapproved on other grounds, DeClaire v. Yohanan, 453 So.2d 375 (Fla. 1984). Under Rule 60(b)(5), one seeking relief from a judgment must show that "(1) the judgment has prospective application and (2) it is no longer equitable that it should so operate." Kirksey v. City of Jackson, 714 F.2d 42, 43 (5th Cir.1983). See also Ellis National Bank v. Davis, 379 So.2d 1310, 1310 (Fla. 1st DCA 1980) (noting that an exception to the principle that a change in law after judgment does not provide a basis for relief under Rule 1.540(b) may exist "when an ongoing injunction is being considered"). However, the judgment entered against the plaintiff in his action for money damages is not one of prospective application. Even as a judgment dismissing a plaintiff's action for damages is not deemed to have prospective application merely because the plaintiff continues to be bound by it, Gibbs v. Maxwell House, a Division of General Foods Corp., 738 F.2d 1153 (11th Cir.1984); Center for National Policy Review on Race & Urban Issues v. Richardson, 534 F.2d 351 (D.C. Cir.1976), so too the summary judgment against the plaintiff here is without prospective application. Thus, even were the Supreme Court of Florida to decide that the statute of repose did not operate to extinguish the plaintiff's cause of action, the action was nevertheless barred by the statute of limitations, the operation of which cannot be avoided by a revival of an earlier action through the vehicle of a Rule 1.540(b)(5) motion.
*1199 Lastly, we certify the following questions to the Supreme Court of Florida as being of great public importance:
I. Should the legislative amendment of Section 95.031(2), Florida Statutes (1983), abolishing the statute of repose in product liability actions, be construed to operate retrospectively as to a cause of action which accrued before the effective date of the amendment?
II. If not, should the decision of Pullum v. Cincinnati, Inc., 476 So.2d 657 (Fla. 1985), appeal dismissed, ___ U.S. ___, 106 S.Ct. 1626, 90 L.Ed.2d 174 (1986), which overruled Battilla v. Allis Chalmers Mfg. Co., 392 So.2d 874 (Fla. 1980), apply so as to bar a cause of action that accrued after the Battilla decision but before the Pullum decision?
III. In the event that the court construes the legislative amendment abolishing the statute of repose in product liability cases to operate retrospectively as to a cause of action which accrued before the effective date of the amendment, or in the event that the court decides that Pullum does not bar a cause of action, as here, that accrued after the Battilla decision, does Florida Rule of Civil Procedure 1.540(b) permit a court to relieve a party from a final judgment grounded on Pullum?

Reversed.
NOTES
[1] The plaintiff's motion was filed on October 29, 1986, nearly two months after the four-year statute of limitations period applicable to his claim had expired. See § 95.11(3), Fla. Stat. (1985). The amendment to the statute of repose was effective July 1, 1986, but the plaintiff did not attempt to bring a new action within the two months remaining before the expiration of the statute of limitations on September 2, 1986.