SHARP, Judge.
Appellants’ timely appeal from a summary final judgment in their products liability action for a 1980 injury. They assert the trial court erred by retrospectively applying Pullum v. Cincinnati, Inc., 476 So.2d 657 (Fla.1985), appeal dismissed, — U.S. -, 106 S.Ct. 1626, 90 L.Ed.2d 174 (1986)[1] so as to deny their claim. In addition, appellants claim retrospective application of Pullum deprives them of access to the courts[2] and violates their right to equal protection under the law.[3] We affirm.
In Pullum, the Florida Supreme Court held § 95.031(2) constitutional, specifically considering both “access to the courts” and “equal protection” challenges.[4] In addition, we have already considered the issue of retrospective application of Pullum, stating that when a decision holding a statute unconstitutional is subsequently overruled, then the statute is valid from the date it (i.e., the statute) became effective. Pait v. Ford Motor Company, 500 So.2d 743, 744 (Fla. 5th DCA 1987).
Recognizing that many plaintiffs had filed suit after the Battilla decision, we and our sister courts have certified various questions concerning the constitutionality of such retrospective application and the effect of subsequent legislative amendment[5] of § 95.031(2), which abolished the statute of repose in products liability actions. See: Pait; Walls v. Cahill Manufacturing Co., Inc., 507 So.2d 173 (Fla. 5th DCA 1987); Lazo v. Baring Industries, Inc., 508 So.2d 1256 (Fla. 3d DCA April 14, 1987); Wallis v. Grumman Corporation, 503 So.2d 366 (Fla. 3d DCA 1987); Melendez v. Dreis & Krump Manufacturing Company, 503 So.2d 365 (Fla. 3d DCA 1987); Dominguez v. Bucyrus-Erie Company, 503 So.2d 364 (Fla. 3d DCA 1987); Lane v. Koehring Company, 503 So.2d 364 (Fla. 3rd DCA 1987); Brackenridge v. Ametek, Inc., 503 So.2d 363 (Fla. 3d DCA 1987); Shaw v. General Motors Corporation, 503 So.2d 362 (Fla. 3d DCA 1987);
Accordingly, we certify the following questions to be of great public importance: [6]
I.
WHETHER THE LEGISLATIVE AMENDMENT OF SECTION 95.031(2), FLORIDA STATUTES (1985), ABOLISHING THE STATUTE OF REPOSE IN PRODUCTS LIABILITY ACTIONS, SHOULD BE CONSTRUED TO OPERATE RETROSPECTIVELY TO A CAUSE OF ACTION WHICH ACCRUED BEFORE THE EFFECTIVE DATE OF THE AMENDMENT?
II
IF NOT, WHETHER THE DECISION OF PULLUM V. CINCINNATI, INC., 476 S0.2D 657 (FLA.1985), WHICH OVERRULED BATTILLA V. ALLIS CHALMERS MANUFACTURING COMPANY, 392 S0.2D 874 (FLA.1980) APPLIES SO AS TO BAR A CAUSE OF ACTION THAT WAS COMMENCED AFTER THE BATTILLA *1224 DECISION BUT BEFORE THE PUL-LUM DECISION?[7]
AFFIRMED.
UPCHURCH, C.J., and COWART, J., concur.

. In Pullum, the Florida Supreme Court overruled their decision in Battilla v. Allis Chalmers Manufacturing Company, 392 So.2d 874 (Fla.1980), thereby reconstitutionalizing the statute of repose, section 95.031(2), Florida Statutes, which bars products liability actions commenced twelve years after date of delivery of the completed product to its original purchaser.

. Art. I, § 21, Fla. Const.

. U.S. CONST, art. XIV, § 1; Art. I, § 2, Fla. Const.

. See also: Small v. Niagara Machine & Tool Works, 502 So.2d 943 (Fla. 2d DCA 1987); Eddings v. Volkswagenwerk, A.G., 635 F.Supp. 45 (N.D.Fla.1986); Lamb v. Volkswagenwerk Aktiengesellschaft, 631 F.Supp. 1144 (S.D.Fla.1986).

. Ch. 86-272, §§ 2, 3, Laws of Florida (1986), eff. July 1, 1986.

. Art. V, § 3(b)(4), Fla.Const.

. In this case, appellants’ injuries accrued six months before Battilla was decided, but was filed after Battilla.