PER CURIAM.
The plaintiff sued for an injury which occurred sixteen years after the machine was first sold. The issues presented are effectively the same as those considered by this court in Shaw v. General Motors Corp., 503 So.2d 362 (Fla. 3d DCA 1987), and Clausell v. Hobart Corp., 506 So.2d 1160 (Fla. 3d DCA 1987). We affirm the trial court’s order granting the final summary judgment in favor of Caterpillar Tractor on those authorities. Consistent with the position previously adopted by this court, we certify the following questions of great public importance:
I. WHETHER THE LEGISLATIVE AMENDMENT OF SECTION 95.031(2), FLORIDA STATUTES (1983), ABOLISHING THE STATUTE OF REPOSE IN PRODUCT LIABILITY ACTIONS, SHOULD BE CONSTRUED TO OPERATE RETROSPECTIVELY AS TO A CAUSE OF ACTION WHICH ACCRUED BEFORE THE EFFECTIVE DATE OF THE AMENDMENT.
II. IF NOT, WHETHER THE DECISION OF PULLUM v. CINCINNATI, INC., 476 SO.2D 657 (FLA.1985), APPEAL DISMISSED, [ — ] U.S. [-], 106 S.CT. 1626, 90 L.ED.2D 174 (1986), WHICH OVERRULED BATTILLA v. ALLIS CHALMERS MFG. CO., 392 SO.2D 874 (FLA.1980), APPLIES SO AS TO BAR A CAUSE OF ACTION THAT ACCRUED AFTER THE BATTILLA DECISION BUT BEFORE THE PUL-LUM DECISION.
III. WOULD THE APPLICATION OF PULLUM TO BAR A CAUSE OF ACTION THAT ACCRUED AFTER THE BATTILLA DECISION BUT BEFORE THE PULLUM DECISION DEPRIVE THE PLAINTIFF OF A RIGHT OF DUE PROCESS GUARANTEED BY THE UNITED STATES CONSTITUTION.
Affirmed.