510 So.2d 343 (1987)
Terry Ray SMITH, Appellant,
v.
STURM, RUGER, SMITH & COMPANY, INC., Appellee.
No. 86-2598.
District Court of Appeal of Florida, Second District.
July 17, 1987.
*344 Glenn Waddell of Waddell and Ready, P.A., Auburndale, for appellant.
Valerie Shea of Conrad, Scherer & James, Fort Lauderdale, for appellee.
LEHAN, Judge.
The plaintiff in this personal injury products liability suit appeals from a summary judgment entered in favor of defendant. The injury was allegedly caused by a defective gun manufactured by defendant. The basis for the summary judgment was that the suit was barred by the statute of repose, section 95.031(2), Florida Statutes (1985), because the gun was delivered to its original purchaser more than twelve years before this suit was filed. That statute provided in relevant part that "Actions for products liability ... must be begun ... within 12 years after the date of delivery of the completed product to its original purchaser... ."
The times of the events most relevant to this appeal were as follows. The gun was delivered to its original purchaser in June 1971. The statutory twelve-year repose provision was enacted in 1974. In February 1981 in Battilla v. Allis Chalmers Manufacturing Co., 392 So.2d 874 (Fla. 1980), the repose provision was held to be unconstitutional as applied to causes of action, like that in this case, which were barred by the statute before they arose, i.e., where the injury occurred after the expiration of the twelve-year period. The twelve-year period expired in June 1983. The alleged injury to plaintiff occurred in October 1984. The repose provision was held to be constitutional in November 1985 in Pullum v. Cincinnati, Inc., 476 So.2d 657 (Fla. 1985), which overruled Battilla. This suit was filed in March 1986. Later in 1986 the legislature abolished the provision.
We affirm on the basis of Shaw v. General Motors Corp., 503 So.2d 362 (Fla. 3d DCA 1987); Small v. Niagara Machine & Tool Works, 502 So.2d 943 (Fla. 2d DCA 1987); Pait v. Ford Motor Co., 500 So.2d 743 (Fla. 5th DCA 1987); Cassidy v. Firestone Tire & Rubber Co., 495 So.2d 801 (Fla. 1st DCA 1986); and American Liberty Insurance Co. v. West and Conyers, 491 So.2d 573 (Fla. 2d DCA 1986). Shaw, Small and Pait held that the 1986 repeal of the statutory repose period was not retroactive.[1]Shaw, Small, Pait, Cassidy and West and Conyers were to the effect that, as stated in Shaw, "the overruling [by Pullum] of a decision [in Battilla] holding a statute [section 95.031(2) in pertinent part] unconstitutional validates the statute as of its effective date." 503 So.2d at 363.[2] Thus, the cause of action which had arisen in this case at the time of plaintiff's injury became barred because the twelve-year period, the applicability of which was retroactively reinstated by Pullum, had expired before this suit was filed.
Shaw and Pait certified the following questions to the Florida Supreme Court:
I. WHETHER THE LEGISLATIVE AMENDMENT OF SECTION 95.031(2), FLORIDA STATUTES (1983), ABOLISHING THE STATUTE OF REPOSE IN PRODUCT LIABILITY ACTIONS, SHOULD BE CONSTRUED TO OPERATE RETROSPECTIVELY AS TO A CAUSE OF ACTION WHICH ACCRUED *345 BEFORE THE EFFECTIVE DATE OF THE AMENDMENT.
II. IF NOT, WHETHER THE DECISION OF PULLUM V. CINCINNATI, INC., 476 So.2d 657 (FLA. 1985), APPEAL DISMISSED, ___ U.S. ___, 106 S.CT. 1626, 90 L.ED.2D 174 (1986), WHICH OVERRULED BATTILLA V. ALLIS CHALMERS MFG. CO., 392 So.2d 874 (FLA. 1980), APPLIES SO AS TO BAR A CAUSE OF ACTION THAT ACCRUED AFTER THE BATTILLA DECISION BUT BEFORE THE PULLUM DECISION.[3]
Arguments addressed to question I. would involve whether there was a legislative intent to make that 1986 abolition of the statute of repose retroactive, as contrasted with the normal rule that legislation is prospective. For the following reasons given by Judge Ferguson in his concurring opinion in Dominguez v. Bucyrus Erie Co., 503 So.2d 364 (Fla. 3d DCA 1987), which we believe have merit, a determination that the legislative intent behind the 1986 abolition of that statute of repose was that that abolition was to have been retroactive would not be without substantial basis. Judge Ferguson pointed out that
The Florida Constitution, article I, section 21, provides that "[t]he courts shall be open to every person for redress of any injury." This provision was adopted to give constitutional vitality to the maxim that for every wrong there is a remedy... .

Pullum ... effectively shut the courthouse door on a cause of action in certain product liability cases even before the cause of action accrued, leaving a person injured by another private person without a remedy. The 1986 revision to section 95.031(2) was a prompt legislative overruling of Pullum.

We are not paralyzed, by policy or precedent, from giving the corrective legislation retrospective application to a case which was sandwiched between Battilla and Pullum, so that substantial justice and right shall prevail as contemplated by the constitution.[4]
503 So.2d at 365.
We certify to the Florida Supreme Court as being of great public importance the same question I. quoted above from Shaw and Pait. That question, if answered contrary to the way we have answered it, would require a reversal of this case.
Also, question II., if answered contrary to the way we have answered it, may require a reversal. Thus, we also certify that question to the Florida Supreme Court as being of great public importance.
Affirmed.
RYDER, A.C.J., and HALL, J., concur.
NOTES
[1] See also Keyes v. Fulton Mfg. Corp., 506 So.2d 1099 (Fla. 3d DCA 1987); Manuel v. EIG Cutlery, Inc., 506 So.2d 1100 (Fla. 3d DCA 1987); Willer v. Pierce, 505 So.2d 441 (Fla. 4th DCA 1987); Desvergundt v. Koppers Co., Inc., 506 So.2d 60 (Fla. 3d DCA 1987); Lazo v. Baring Industries, Inc., 508 So.2d 1256 (Fla. 3d DCA 1987); Wallis v. Grumman Corp., 503 So.2d 366 (Fla. 3d DCA 1987); Melendez v. Dreis & Krump Mfg. Co., 503 So.2d 365 (Fla. 3d DCA 1987); Dominguez v. Bucyrus-Erie Co., 503 So.2d 364 (Fla. 3d DCA 1987); Lane v. Koehring Co., 503 So.2d 364 (Fla. 3d DCA 1987); Brackenridge v. Ametek, Inc., 503 So.2d 363 (Fla. 3d DCA 1987); Harrison v. Hyster Co., 502 So.2d 100 (Fla. 2d DCA 1987).
[2] See also Keyes; Manuel; Willer; Desvergundt; Lazo; Wallis; Melendez; Dominguez; Lane; Brackenridge.
[3] For certifications of those same two questions, see also Keyes; Manuel; Willer; Desvergundt; Lazo; Wallis; Melendez; Dominguez; Lane; Brackenridge.
[4] While the instant law suit was filed after Pullum and thus was not entirely, in the words of Judge Ferguson, "sandwiched between Battilla and Pullum," the cause of action was. Retroactive application of the 1986 legislative abolition of the statutory provision would change the result reached here the same as it would change the Dominguez result.