LEHAN, Judge.
The plaintiff in this personal injury products liability suit appeals from a summary judgment in favor of defendant. The injury was allegedly caused by a defective gun manufactured by defendant. The basis for the summary judgment was that the suit was barred by the statute of repose, section 95.031(2), Florida Statutes (1985), because the gun was delivered to its original purchaser more than twelve years before the suit was filed. That statute provided in relevant part that “Actions for products liability ... must be begun ... within 12 years after the date of delivery of the completed product to its original purchaser— ” We affirm.
The times of the events most relevant to this appeal were as follows. The gun was delivered to its original purchaser in January 1973. The statutory twelve-year repose provision was enacted in 1974. In February 1981, in Battilla v. Allis Chalmers Manufacturing Co., 392 So.2d 874 (Fla.1980), the repose provision was held to. be unconstitutional as applied to causes of action which were barred by the statute before they arose, i.e., where the injury occurred after the expiration of the twelve-year period. The alleged injury to plaintiff occurred in February 1984. The twelve-year period expired in January 1985. The repose provision was held to be constitutional on November 4, 1985, in Pullum v. Cincinnati, Inc., 476 So.2d 657 (Fla.1985), which overruled Battilla. This suit was filed November 7, 1985. In 1986 the legislature repealed the provision.
We affirm on the basis of the holdings in Smith v. Sturm, Ruger, Smith & Co., 510 So.2d 343 (Fla. 2d DCA 1987); Shaw v. General Motors Corp., 503 So.2d 362 (Fla. 3d DCA 1987); Small v. Niagara Machine & Tool Works, 502 So.2d 943 (Fla. 2d DCA 1987); Pait v. Ford Motor Company, 500 So.2d 743 (Fla. 5th DCA 1987); Cassidy v. Firestone Tire & Rubber Co., 495 So.2d 801 (Fla. 1st DCA 1986); and American Liberty Insurance Co. v. West and Conyers, 491 So.2d 573 (Fla. 2d DCA 1986).
For the reasons given in Smith, we certify to the Florida Supreme Court as being of great public importance the same two questions so certified in Smith.
Affirmed.
CAMPBELL, A.C.J., and HALL, J., concur.