COWART, Judge,
dissenting.
In 1981, the Florida Supreme Court held that the twelve year products liability statute of repose (section 95.031(2), Florida Statutes (1983)) was unconstitutional. Battilla v. Allis Chalmers Manufacturing Co., 392 So.2d 874 (Fla.1980). In 1985, the supreme court receded from Battilla and upheld the constitutionality of that statute. Pullum v. Cincinatti, Inc., 476 So.2d 657 (Fla.1985), appeal dismissed, 475 U.S. 1114, 106 S.Ct. 1626, 90 L.Ed.2d 174 (1986). Following the general rule of law[1] that a decision of a court of last resort that overrules a prior decision is retrospective as well as prospective in application unless expressly declared otherwise, in 1987 the supreme court held that Pullum bars causes of action for products liability that accrued in the interval between the decision in Battilla and the decision in Pullum (i.e., between February 12, 1981 and November 4, 1985). Melendez v. Dreis and Krump Manufacturing Company, 515 So.2d 735 (Fla.1987). The cause of action for products liability in this case accrued between those dates, and the trial court held the action to be barred in accordance with Melendez and a slew of district court of appeal cases.[2] The trial court’s ruling should be affirmed in this case.
There has been enunciated one general exception to the general rule that a decision overruling a prior decision is retrospective. That exception is set forth in Florida Forest and Park Service v. Strickland, 154 Fla. 472, 18 So.2d 251 (1944):
To this rule, however, there is a certain well-recognized exception that where a statute has received a given construction *56 by a court of supreme jurisdiction and property or contract rights have been acquired under and in accordance with such construction, such rights should not be destroyed by giving to a subsequent overruling decision a retrospective operation, [emphasis supplied]
Id. 18 So.2d at 253. By reason of his contract of employment, Strickland had accrued workman’s compensation rights and had exercised his right, under an existing supreme court decision, to appeal an adverse ruling of the deputy commissioner directly to the circuit court. After Strickland brought his appeal, the supreme court overruled the prior decision upon which Strickland relied and held that claimants such as Strickland must first seek review of adverse decisions of deputy commissioners within the Florida Industrial Commission. It was because of Strickland’s accrual of contract rights as an employee under the overruled prior decision that the supreme court made an exception to the general rule. The supreme court reasoned that:
To hold otherwise would be, in effect, to deprive the claimant of a potentially valuable claim accruing by reason of his contract of employment prior to the overruling decision, the right to which he has sought to have judicially established by the only court of competent jurisdiction which may try the matter as an original judicial controversy.
Id. at 254.
Unlike the property or contract rights asserted in Strickland, the appellant in this case claims damages for negligence and products liability which claim is a right in a cause of action in tort. However, the Florida Supreme Court has not extended the narrow exception in Strickland to tort cases. The concurring opinion of Justice Grimes in Nissan Motor Company v. Phlieger, 508 So.2d 713 (Fla.1987) only illustrates the fact that the Florida Supreme Court has intentionally declined to extend the Strickland exception to tort cases. Notably, the decision in Melendez, later authored by Justice Grimes, made no reference to Strickland.
Even without the supreme court’s warning in Hoffman v. Jones, 280 So.2d 431 (Fla.1973), this court should not extend the Strickland exception for two reasons: First, as an honest practical matter, no one becomes a tort victim in reliance on a statute of repose or limitation and no one with a good cause of action in existence really intentionally sits on it and allows time to expire “relying” on a decision that has invalidated a statute of repose or statute of limitations.[3] This conclusion here is buttressed by the recent Florida supreme court opinion in Brackenridge v. Ametek, Inc., 517 So.2d 667 (Fla.1987), wherein Justice Grimes, writing for a unanimous court, said:
In the instant case Brackenridge does not fall within the exception to the general rule. He was not deprived of a property or contract right acquired in reliance upon this Court’s decision in Batilla. His accident was fortuitous and did not occur as a result of conduct prompted by Batilla. Moreover, he did not act in reliance on the Batilla declaration of the unconstitutionality of section 95.031(2) and thereby miss the limitation deadline for filing suit with which he could have otherwise complied. [Emphasis added.]
Id. at 669. Secondly, the exception will swallow the whole general rule in that every plaintiff in a products liability case can, and will, assert that they “relied on the existing statutory construction to their detriment” which statement is incapable of being rebutted. This will effectively emasculate the decision in Melendez as well as the general rule that Melendez applied to this particular problem involving section 95.031(2), Florida Statutes (1983). Accordingly, the judgment below should be affirmed. The narrow Strickland exception should not be extended to all cases based *57 on the fictional belief that all claimants barred by Pullum “relied” on Battilla. The reversal on this ground in this case is not warranted by Strickland and is in direct conflict with the supreme court’s decision in Melendez and Brackenridge v. Ametek, Inc., 517 So.2d 667 (Fla.1987).

. For a general analysis of this question, see Annot., Prospective or Retroactive Operation of Overruling Decision, 10 A.L.R.3d 1371 (1966).

. E.g. Varnadore v. Rohm-Gesellschaft, A.G., 515 So.2d 399 (Fla. 1st DCA 1987); Smith v. Sturm, Ruger, Smith & Company, Inc., 510 So. 2d 343 (Fla. 2d DCA 1987); Lazo v. Baring Industries, Inc., 508 So.2d 1256 (Fla. 3d DCA 1987); Carroll v. Volkswagen of America, Inc., 508 So.2d 556 (Fla. 4th DCA 1987); Purty v. McDonnell Douglas Corporation, 508 So.2d 501 (Fla. 3d DCA 1987); Sampson v. Caterpiller Tractor Co., 507 So.2d 1222 (Fla. 5th DCA 1987); Curtiss-Wright Corporation v. Diaz, 507 So.2d 1197 (Fla. 3d DCA 1987); Walls v. Cahill Manufacturing Co., Inc., 507 So.2d 173 (Fla. 5th DCA 1987); Clausell v. Hobart Corporation, 506 So.2d 1160 (Fla. 3d DCA), approved, 515 So.2d 1275 (Fla.1987); Manuel v. EIG Cutlery, Inc., 506 So. 2d 1100 (Fla. 3d DCA 1987); Keyes v. Fulton Manufacturing Corp., 506 So.2d 1099 (Fla. 3d DCA 1987); Desvergundt v. Koppers Company, Inc., 506 So.2d 60 (Fla. 3d DCA 1987); Willer v. Pierce, 505 So.2d 441 (Fla. 4th DCA 1987); Wallis v. Grumman Corp., 503 So.2d 366 (Fla. 3d DCA), approved, 515 So.2d 1276 (Fla.1987); Melendez v. Dreis and Krump Manufacturing Company, 503 So.2d 365 (Fla. 3d DCA), affirmed, 515 So.2d 735 (Fla.1987); Dominguez v. Bucyrus-Erie Company, Inc., 503 So.2d 364 (Fla. 3d DCA 1987); Lane v. Koehring Company, 503 So.2d 364 (Fla. 3d DCA 1987); Brackenridge v. Ametek, Inc., 503 So.2d 363 (Fla. 3d DCA), approved 517 So.2d 667 (Fla.1987); Shaw v. General Motors Corporation, 503 So.2d 362 (Fla. 3d DCA 1987).

. See Hampton v. A. Duda & Sons, Inc., 511 So.2d 1104 (Fla. 5th DCA 1987) ("Nor did Hampton act in reliance on the Battilla declaration of the unconstitutionality of section 95.-031(3), and thereby miss a limitation deadline for filing suit with which he otherwise could have complied.”).