## RAMOS v CARNAHAN, etc., et al.

Case No. GC-G-90-868

Tenth Judicial Circuit, Polk County

April 1, 1991

### APPEARANCES OF COUNSEL

**Charles J. Levin, Esquire,** Levin & McMillan, and **Brian D. Hill, Esquire,** Hill & Ponton, for plaintiffs.

**Dale O. Morgan, Esquire,** Dean, Ringers, Morgan and Lawton, for defendant, R. O. Corporation.

### OPINION OF THE COURT

CAROLYN K. FULMER, Circuit Judge.

*ORDER DENYING DEFENDANT R. O. CORPORATION'S MOTION FOR SUMMARY JUDGMENT*

THIS MATTER came before this court for consideration of Defen-

dant, R.O. CORPORATION's Motion for Summary Judgment. This Court having considered the motion, the argument of counsel, the applicable law, and being otherwise fully advised, finds as follows:

This products liability action, filed by Joseph Lewis Ramos ("RAMOS") against R.O. Corporation ("DEFENDANT"), arises out of a work related accident that occurred on October 2, 1986. RAMOS claims that he was working in the vicinity of a mobile crane when the crane was driven into a high-voltage overhead electric line by RAMOS' coworker. RAMOS alleges that the crane was manufactured by DEFENDANT and eventually sold to RAMOS' employer. The undisputed dates material to the disposition of DEFENDANT's Motion are as follows:

November 14, 1972

Crane delivered to original purchaser.

January 1, 1975

Effective date of Statute of Repose.

November 14, 1984

Twelve year period elapses.

July 1, 1986

Legislature amends Statute of Repose.

November 14, 1986[sic] Plaintiff's injury occurred.

March 15, 1990

Present action filed by Plaintiff.

DEFENDANT moves for summary judgment on the ground that RAMOS' claim is barred by Florida's Statute of Repose, which provides that:

[a]ctions for products liability. . .must be begun within the period prescribed in this chapter. . .but in any event within 12 years after the date of delivery of the completed product to its original purchaser. . .regardless of the date of defect in the product. . .was or should have been discovered.

Section 95.031(2), Florida Statutes (1983). This statute was effectively repealed by the Florida Legislature as of July 1, 1986, by an amendment which deleted the reference to products liability claims.[1]

---

[1] Chapter 86-272 is entitled "An act relating to limitations of actions: . . . amending § 95.031, F.S.; deleting a limitation upon the initiation of actions for products liability; providing an effective date. The pertinent section of the amendment provides:

Section 2, Subsection (2) of section 95.031, Florida Statutes, is amended to read:

95.031 Computation of time.—Except as provided in subsection (2) and in § 95.051 and elsewhere in these statutes, the time within which an action on shall be begun under any statute of limitations runs from the time the cause of action accrues.

(2) Actions for products liability. . .under § 95.11(3) must be begun within the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence, instead of running from any date prescribed elsewhere in § 95.11(3), but in any event an action for fraud under § 95.11(3) must be begun within 12 years after the date of the commission of the alleged fraud, regardless of the date the fraud was or should have been discovered.

Section 3. Section 1 of this act shall take effect October 1, 1986, and shall apply to causes of action accruing after that date, and Section 2 of this act shall take effect July 1, 1986.

DEFENDANT contends that the running of the twelve year repose period in regard to a particular product creates a vested right of perpetual immunity from suit in favor of the manufacturer and the statute of repose, therefore, bars any products liability claim arising after the amendment so long as the twelve year period elapsed before the amendment's effective date. DEFENDANT cites *Melendez v Dreis and Krump Manufacturing Co.,* 515 So.2d 735 (Fla. 1987), as support for the propositions that a statute of repose cuts off a right of action within a specified time regardless of when the cause of action accrues and that the repeal of the repose statute cannot be applied retroactively to revive a previously extinguished cause of action.

In *Melendez,* the plaintiff was injured in 1982 by a product originally delivered in 1963. The action was filed in 1983. The court below found that plaintiff's cause of action was extinguished in 1975 by operation of the statute of repose. The statute was amended while the case was on appeal. Plaintiff argued that the amended statute should operate to revive the cause of action since the amendment became effective while the case was still pending.

The Florida Supreme Court held that the amendment eliminating the statute of repose does not apply to a cause of action which accrues *before* the effective date of the amendment. Contrary to DEFEN-DANT's argument herein, *Melendez* does not stand for the proposition

that the repealed statute acts as a bar to claims arising *after* the effective date of the repeal.[2]

I. Should the legislative amendment of Section 95.031(2), Florida Statutes (1983), abolishing the statute of repose in product liability actions, be construed to operate retrospectively as to a cause of action which accrued before the effective date of the amendment?

II. If not, should the decision of *Pullum v Cincinnati, Inc.,* 476 So.2d 657 (Fla. 1985), *appeal dismissed,* 475 U.S. 1114 (1986), which overruled *Battilla v Allis Chalmers Mfg. Co.,* 392 So.2d 874 (Fla. 1980), apply so as to bar a cause of action that accrued after the *Battilla* decision but before the *Pullum* decision?

In *Battilla,* the Court held that the statute of repose was unconstitutional. In *Pullum* the court receded from *Battilla* and held that the statute of repose was constitutional even with respect to causes of action which did not accrue until after the twelve-year period had expired. The *Pullum* line of cases has no relevance to the case now before this Court. This Court has been unable to find any appellate decisions involving a cause of action that arose *after* the effective date of the amendment.[3] In each of the cases cited by DEFENDANT, the plaintiffs attempted to revive actions that had been previously extinguished because the twelve year period had elapsed *prior* to the 1986 amendment and the injury giving rise to the causes of action in those cases had occurred while the repose statute was still in effect.[4] This Court finds those cases to be distinguishable from the instant suit. While it is true that "a statute of repose cuts off a right of action within a specified time after the delivery of a product or the completion of an improvement, regardless of when the cause of action actually accrues,"[5] it seems axiomatic that the statute must be in effect in order

[2] In *Melendez, supra,* the following questions were certified to the Florida Supreme Court as matters of great public interest:

[3] However, this issue was recently addressed by a Federal District Court. In *Daniell v Baker-Roos, Inc.,* No. 89-14100-CIV-RYSKAMP (S.D. Fla. July 13, 1990) (order denying defendants' motion for summary judgment) a products liability action was brought for an injury occurring on April 1, 1989. The product was delivered to the original purchaser before 1972. The court, interpreting *Melendez,* held that the "repeal of the statute of repose appl[ies] to all actions arising after the effective date of the amendment to section 95.031(2)." *Id.* at 5.

[4] *Melendez, supra; Small v Niagara Mach. & Tool Works,* 502 So.2d 943 (Fla. 2d DCA 1987); *Curtiss-Wright Corp. v Diaz,* 507 So.2d 1197 (Fla. 3d DCA 1987); *Shaw v General Motors Corp.,* 503 So.2d 362 (Fla. 3d DCA 1987).

[5] *Id.* at 736 (quoting *Bauld v J.A. Jones Construction Co., 357 So.2d 401 (Fla. 1978)).*

to cut off the right of action. In the case now before this court, if the statute of repose had been in effect at the time of the injury in 1986, RAMOS' claim would be barred. However, at the time this claim arose in 1986, the statute of repose was not in effect and, therefore, could not operate to bar RAMOS' claim.

DEFENDANT also argues that the running of the twelve year period prior to the 1986 amendment confers a vested right of perpetual immunity from suit. The cases cited by DEFENDANT neither recognize nor even suggest that the manufacturer acquired a vested right while the repose statute was in effect. However, at least one Federal District court has ruled that this statute of repose did not create a vested right in favor of a product manufacturer.[6]

The general rule governing what constitutes a vested right dictates a finding that the statute of repose did not confer such a right upon manufacturers. "To be vested a right must be *more than a mere expectation based on an anticipation of the continuance of an existing law . . .*" *Lamb v Volkswagenwerk Aktiengesellschaft,* 631 F. Supp. 1144, 1149 (S.D. Fla. 1986) (emphasis in original) (quoting *Division of Workers' Compensation v Brevda,* 420 So.2d 887, 891 (Fla. 1st DCA 1982)).

This Court has determined that DEFENDANT did not obtain a vested right of perpetual immunity, and that the repealed statute of repose does not operate to bar RAMOS' claim. A contrary conclusion would render the amendment meaningless under the facts of this case, give the statute of repose continued application after its repeal and, in effect, constitute a legal ruling that the Legislature, having once enacted a statute, is without the power to repeal it.

It is therefore ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment shall be and is hereby DENIED.

DONE and ORDERED this 1st day of April, 1991.

---

[6] In *Daniell, supra,* the court reasoned that "defendants lacked even a reasonable expectation that the statute would apply to plaintiffs' claim, much less a vested interest in the statute's protection" given both the volatile history of the statute and the fact that the statute of repose did not exist when the product was delivered. *Id.* at 4.